[No. 19078.   Department One. — March 9, 1893.]

R. P. GRANT, RESPONDENT, v. G. BERONIO, AP-
PELLANT.

VENDOR AND PURCHASER — CONTRACT OF SALE — SPECIFIC PERFORMANCE —
POWER OF COURT TO DISCHARGE ENCUMBRANCES. — If a contract for the
sale of land provides that the conveyance shall transfer the title free of
encumbrances, the court, in an action for specific performance brought
by the purchaser, can direct the application of the purchase-money to
the satisfaction of those encumbrances, and for that purpose can cause
the money to be brought into court, and disbursed under its direction.
If the holders of the encumbrances are before the court, they will be
bound by the direction of the court, and their claims will be satisfied
by a satisfaction of the judgment; and even if they are not before the
court, where the amount of the encumbrances is ascertained, and the
court finds that the liens can be discharged by mere payment, it can
direct that the payment be made directly to the holders of the encum-
brances, instead of to the vendor, who cannot object, so long as he in-
curs no liability, and is freed from any personal claim for the amount
of the encumbrances.

ID. — OPTION FOR RETURN OF PURCHASE-MONEY — ENCUMBERED TITLE
— RIGHTS OF PURCHASER. — An agreement for the sale and conveyance
of land by the owner thereof, which acknowledged receipt of part of
the purchase-money, and by the terms of which the balance of the pur-
chase-money was to be paid on the delivery of a deed, free from en-
cumbrances, within sixty days thereafter, upon receipt of which pay-
ment the vendor was to execute a good and sufficient deed conveying
the title thereto, and that in case of failure to make the deed the
money paid was to be returned, does not give the vendor the option of
conveying the lot or not, as he might choose, but gives the purchaser the
right to an enforcement of the vendor's unconditional agreement to make
a conveyance of the land, the provision for the return of the money in
the case of failure to execute the deed being for the benefit of the pur-
chaser alone; nor can the vendor object to the enforcement of the con-
tract, that there were encumbrances upon the land or defects in the title.

ID. — ACKNOWLEDGMENT OF CASH RECEIVED — ORDER FOR LESS SUM — AP-
PLICATION IN DISCHARGE OF ENCUMBRANCES. — The acceptance, by the
vendor, of an order payable at a future time, when the deed was to be
delivered, in a less sum of money than that acknowledged in the agree-
ment as received, in lieu of the cash payment acknowledged, will be
regarded as a contemporaneous agreement between the parties in mod-
ification of the price to be received for the conveyance, and is not incon-
sistent with or contradictory of the acknowledgment in the agreement;
nor can the vendor object to the application of the money to be obtained
upon such order in satisfaction of liens created by him upon the land,
which was agreed to be conveyed free of encumbrance.

APPEAL from a judgment of the Superior Court of
Ventura County.

The facts are stated in the opinion of the court.

*W. H. Wilde,* for Appellant.

*Orr & Hall,* for Respondent.

HARRISON, J. — Action for specific performance.

The plaintiff had judgment in the court below, and the defendant has appealed, upon the judgment roll alone, without any bill of exceptions. The court finds that the defendant made an agreement with the plaintiff for the sale and conveyance to him of a parcel of land, of which he was the owner, in the town of San Buenaventura, for the sum of five thousand five hundred dollars, of which he acknowledged in the agreement that he had received one thousand dollars, and the remaining four thousand five hundred dollars was to be paid on delivery of a deed, free of encumbrances, within sixty days thereafter; and the defendant agreed that upon receiving such payment he would execute to the plaintiff a good and sufficient deed conveying the title to said premises. The agreement contained the clause: "In case failure to make deed, money paid to be returned."

On the same day with the execution of the agreement, the plaintiff gave to the defendant an order upon certain bankers in San Buenaventura for the sum of $725, to be paid when he should deliver the deed for said premises, which the court finds was accepted by him in lieu of the cash payment of a thousand dollars provided by the agreement, the difference between the two sums being for certain commissions for the sale of the premises agreed upon between the defendant and the broker who had effected the sale. At the date of the execution of the agreement, there were two mortgages upon the property that had been executed by the defendant, but the debts secured thereby were mature and payable. The court finds that the provision in the agreement giving sixty days to complete the transaction was to enable the defendant to procure a release of the premises from

these mortgage liens, and that although those liens exceeded in amount the purchase price of the property, yet there was more than enough to satisfy the first mortgage, and that the holder of the second mortgage was willing to accept the sum that would remain out of the purchase-money after deducting certain items therefrom to which the plaintiff is entitled, and to release the property therefrom; and that prior to the expiration of the sixty days, and ever since, the defendant had been able, out of said purchase-money, to procure said releases, and convey the premises in accordance with the terms of the sale. On the day before the expiration of the sixty days, the plaintiff tendered to the defendant the said sum of four thousand five hundred dollars, together with a deed for the premises prepared for execution, and demanded of him that he accept the money and execute the deed, and upon the defendant's refusing to comply with said demand, this action was brought. The court rendered judgment that plaintiff should pay the four thousand five hundred dollars to a commissioner appointed by it for that purpose, and that the defendant should deliver to the said commissioner his deed to the plaintiff conveying the premises, and that the said commissioner, out of the moneys received by him, should pay off the first mortgage lien thereon, and certain other charges in favor of the plaintiff, and pay the remaining moneys to the holder of the second mortgage, and cause the said mortgage to be discharged of record.

In an action for the specific performance of an agreement to convey land, a court of equity has power, by its decree, as against the parties who are before it, to enforce all the terms of the agreement. If the vendor's agreement is that his conveyance shall transfer the title free of encumbrances, the court can direct the application of the purchase-money to the satisfaction of those encumbrances, and for that purpose can cause the money to be brought into court, and disbursed under its direction. If the holders of those encumbrances are before

the court, they will be bound by the direction of the court, and their claims would be satisfied by a satisfaction of the judgment.    If the amount of the encumbrances is ascertained, and the court finds that the liens therefor can be discharged by mere payment thereof, it can direct that the payment be made directly to the holders of the encumbrances, even though they be not before the court, instead of to the vendor.    So long as the vendor incurs no liability, and is freed from any personal claim for the amount of the encumbrances, he will not be heard to object to the application of the purchase-money for the purpose of making good his agreement with the vendee.

The agreement between the parties hereto was an unconditional contract on the part of the defendant to convey the land to the plaintiff upon his complying with its terms.    The provision therein, that in case of failure to make the deed the money was to be returned, was for the benefit of the purchaser alone, and did not give to the vendor the option of conveying the lot or not, as he might choose.    He could not refuse to make the deed, and thus by his own act, against the will of the purchaser, relieve himself of his obligation to convey.    (*Newton* v. *Hall*, 90 Cal. 487.)    Nor was the right to receive the money that he had paid the only right which the purchaser acquired by the contract.    He had also the right to an enforcement of the vendor's agreement to make him a conveyance of the land, and if he was willing to accept a conveyance in satisfaction of that obligation, it was not for the vendor to object that there were encumbrances upon the land or defects in the title.

The acceptance by the defendant of the order for $725, in lieu of the cash payment of $1,000, may be regarded as a contemporaneous agreement between the parties in modification of the price to be received for the conveyance, and is not inconsistent with or contradictory to the acknowledgment in the agreement that $1,000 of the purchase price had been received by the defendant.    (See *McCroskey* v. *Ladd*, 96 Cal 458.)    The defendant can-

not object to the application of the money to be obtained upon this order in satisfaction of the liens upon the land which he had created. He accepted the order in lieu of the cash payment of one thousand dollars, and is bound by its terms. As the order is in terms made payable when he should deliver a deed which should convey the land free of all encumbrances, he cannot now object to the direction of the court that it be so applied that the deed which he makes shall be in compliance with his agreement.

The judgment is affirmed.

Garoutte, J., and Paterson, J., concurred.