JAMES CLYNE, RESPONDENT, v. BENICIA WATER
COMPANY, APPELLANT.

WATER RIGHTS—APPURTENANCE TO LAND—PURCHASE UNDER MORTGAGE
FORECLOSURE.—A water right acquired by the owner of land under an
agreement with a water company relinquishing riparian rights to the
water company, and providing that the water company should put a
one-inch tap in its mains, from which the owner of the land could
draw all the water required for domestic purposes and for irrigation of
a portion of the land, which water was furnished in accordance with
the terms of the contract and used on the land for more than five
years, constitutes an appurtenance to the land, and the right to it, in-
cluding the flow of water from the main, passed under a conveyance
executed in pursuance of a decree foreclosing a mortgage made prior to
the agreement with the water company.

ID.—RESCISSION OF CONTRACT—RESTITUTION OF RIPARIAN RIGHTS.—If it be
conceded that in consequence of the sale under the foreclosure of the
prior mortgage, the water company lost the riparian rights it acquired
from the owner of the land, and that it is entitled to rescind the con-
tract for failure of the consideration, it could not effect such rescission
without restoring to the purchaser under the foreclosure sale all of
the riparian waters which it had in fact diverted from the land under
the contract, and it is not enough that such purchaser has the right to
sue to recover such riparian waters.

ID.—SPECIFIC PERFORMANCE OF CONTRACT—AFFIRMANCE BY PLAINTIFF—
CONDITION OF RELIEF—CONVEYANCE OF RIPARIAN RIGHT.—An action
by a purchaser claiming title under the foreclosure sale to enforce specific
performance of the agreement with the water company, is an affirmance
of the contract made after the execution of the mortgage between the
owner of the land and the water company; but it is proper that the
purchaser should be required to convey the riparian right to the water
company, as a condition of relief.

APPEAL from a judgment of the Superior Court of
Solano County.

The facts are stated in the opinion.

*George A. Lamont*, and *James D. Thornton*, for Appel-
lant.

Mrs. Nichols could not have had a specific perform-
ance without causing the riparian waters to be released
from the mortgage. (*Reese* v. *Hocckel*, 58 Cal. 282.)
The riparian right was part of the land. (*Lux* v. *Hag-
gin*, 69 Cal. 255, 390; *Stanford* v. *Felt*, 71 Cal. 249; *Bliss*

v. *Johnson*, 76 Cal. 604; *Gould* v. *Stafford*, 77 Cal. 66; 91 Cal. 155; *Alta L. W. Co.* v. *Hancock*, 85 Cal. 219; 20 Am. St. Rep. 217; *Harris* v. *Harrison*, 93 Cal. 680.) The sheriff's deed under foreclosure of the mortgage passed the title of the mortgagor at the date of the mortgage. (*McMillan* v. *Richards*, 9 Cal. 365, 412; 70 Am. Dec. 665.) The agreement not having been recorded, all rights under it were concluded by the foreclosure proceedings. (Code Civ. Proc., sec. 726; *Aldrich* v. *Stephens*, 49 Cal. 676.) The water company having no rights under the contract, a specific performance of it would be inequitable. (Civ. Code, sec. 3391; subds. 1, 2; Pomeroy's Equity Jurisprudence, sec. 1405; Adam's Equity, sec. 77; Story's Equity, 729, 736, 742, 749; *Cooper* v. *Pena*, 21 Cal. 403; *Agard* v. *Valencia*, 39 Cal. 292; *Bruck* v. *Tucker*, 42 Cal. 346; *Jackson* v. *Torrence*, 83 Cal. 521.)

*R. E. Houghton,* and *John Lynch,* for Respondent.

The water right acquired by Mrs. Nichols became appurtenant to the mortgaged premises. (*Farmer* v. *Ukiah Water Co.*, 56 Cal. 14.) The transfer of a thing transfers all its incidents unless specially excepted. (Civ. Code, sec. 1084, 1085; *Sparks* v. *Hess*, 15 Cal. 196; *Cave* v. *Crafts*, 53 Cal. 140; Angell on Water Courses, 7th ed., sec. 153, 153 a, 156 b.) Rescission must place the other party *in statu quo.* (Civ. Code, sec. 1691; *Fratt* v. *Fiske*, 17 Cal. 384; *Barfield* v. *Price*, 40 Cal. 542; *Gifford* v. *Carvill*, 29 Cal. 592; *Miller* v. *Steen*, 30 Cal. 407; *Herman* v. *Haffenegger*, 54 Cal. 164; *Collins* v. *Townsend*, 58 Cal. 608; *Bohall* v. *Diller*, 41 Cal. 532; *Bailey* v. *Fox*, 78 Cal. 389; *Wilson* v. *Sturgis*, 71 Cal. 226; *Burkle* v. *Levy*, 70 Cal. 250; 5 Lawson's Rights and Remedies, sec. 2579.) The rights acquired under the agreement became subject to the mortgage. (Civ. Code, secs. 1106, 2930; *Clark* v. *Baker*, 14 Cal. 612; 76 Am. Dec. 449; *San Francisco* v. *Lawton*, 18 Cal. 465; 79 Am. Dec. 187; *Vallejo Land Co.* v. *Viera*, 48 Cal. 578, 579.) A prescriptive right has been acquired to the water furnished by the water company. (*Arrington* v. *Liscom*,

34 Cal. 381; 94 Am. Dec. 722; *Cannon* v. *Stockmon*, 36 Cal. 535; 95 Am. Dec. 205; *Alhambra Addition Water Co.* v. *Richardson*, 72 Cal. 599.)

TEMPLE, C.—Action to enforce specific performance of an agreement.

The judgment was for plaintiff, and this appeal is upon the judgment-roll.

The findings show that July 5, 1883, Eliza D. Nichols was the owner of a tract of land in Solano county, bordering a natural watercourse known as "Paddy Ranch creek." She and her grantors had for ten years used the water of said creek for domestic purposes, and for irrigating about four acres of land, part of said tract.

That July 5, 1883, said Nichols executed a mortgage whereby she mortgaged said land to one Boynton to secure a loan to her of seven thousand dollars and interest, which mortgage was on that day duly recorded.

That defendant, being a water company, desired to construct a reservoir on Paddy creek above the lands of Nichols, and with that view, November 5, 1883, entered into an agreement with said Nichols as follows:

"This agreement, made this fifth day of November, 1883, between Eliza D. Nichols of the county of Solano, State of California, party of the first part, and the Benicia Water Company, a corporation duly organized under the laws of the state of California, party of the second part, witnesseth: That the said party of the first part, in consideration of the covenants on the part of the said party of the second part hereinafter contained hereby grants to the said party of the second part the right to lay and maintain a main water pipe through the land now owned and occupied by said first party; and the said first party hereby waives all right to the flow of water in Paddy Ranch creek.

"And the said party of the second part, in consideration of the covenants of the said party of the first part hereinbefore mentioned, agrees to and with said party of the first part:

"1. To put a one-inch tap in said main pipe at such point on the premises as said party of the first part may direct; from which tap said first party may draw free of cost all the water required by her for domestic purposes, and for the irrigation of her vegetable garden, containing about four acres of land.

"2. To pay said party a fair and reasonable compensation for any damages that may be done to the vines and fruit trees of said first party in laying and maintaining said main water pipe; the amount of damages, if any, to be determined by arbitration.

"3. That said water pipe shall be laid at a depth of two and a half feet below the surface of the ground on said premises.

"In witness whereof, the said parties have hereunto set their hands and seals the day and year first above written.

"Signed in duplicate.

[SEAL]         "ELIZA D. NICHOLS,
[SEAL]         "THE BENICIA WATER COMPANY,
               "By Andrew Goodyear, President."

The agreement was not recorded.

The defendant, in accordance with the terms of the agreement, proceeded to supply the Nichols ranch with water, furnishing the full amount that would flow through an inch tap, but laid no pipe to the Nichols ranch.

March 19, 1889, Boynton commenced an action to foreclose his mortgage, but defendant was not made a party to such suit.

A judgment and decree was duly entered foreclosing the mortgage, and the property sold in pursuance of it April 29, 1889, and no redemption having been made, a deed was executed accordingly, and the grantee went into possession. The foreclosure was in all respects regular, and conveyed the title of Eliza D. Nichols to the grantee.

Defendant continued to supply water in accordance with the contract until March 29, 1890, when it closed

the tap for that ranch, and refused to turn it on again, denying the plaintiff's right.

Plaintiff owns the Nichols ranch through the foreclosure proceedings, and has no other title.

The answer denies some allegations of the complaint, and sets up certain facts from which appellant argues that there was a total failure of consideration for the defendant's undertaking.

No rescission is averred or found. Defendant's position at the trial seems to have been that the right of Eliza D. Nichols under the contract did not pass to plaintiff as an appurtenance.

It is not averred or found that defendant furnished water through a pipe on, or conducted to, the Nichols ranch. The agreement was to put a one-inch tap in its mains, from which Eliza D. Nichols could draw all the water required for certain purposes on the Nichols ranch. It is found that defendant did, " in accordance with the terms of said contract, and up to the time the tap was closed, supply and furnish from its main pipe, and through said tap, all the water necessary and required," and that the amount so furnished and necessary was all that would flow through the one-inch tap placed on the main pipe by defendant. The water was used on the Nichols ranch for more than five years. We must presume that such an amount of water was conducted to the ranch in some kind of a channel or pipe. Whichever it was it would constitute an appurtenance to the Nichols ranch, and the right to it, including the flow of water from the main, passed under the conveyance to plaintiff. (*Farmer* v. *Ukiah Water Works*, 56 Cal. 14.)

Appellant argues that in consequence of the foreclosure of the mortgage and the sale thereunder, it lost whatever riparian rights it acquired from Nichols; that it was a failure of consideration through the fault of the plaintiff and his grantors. This may be so, and, if so, would have entitled the defendant to rescind; but it did not offer to rescind and restore to plaintiff everything of value which it acquired under the contract. Counsel

says it has nothing which it received under the contract, because plaintiff owns all riparian rights which belonged to the Nichols ranch, as completely as Nichols did before the contract was entered into.

But this idea of restoration will not do. By the contract defendant had the right to appropriate all the waters of Paddy Ranch creek, and deprive the Nichols ranch of the flow which it was entitled to as riparian lands.

Whether defendant has as a fact appropriated such waters does not appear, and it was not necessary that it should be made to appear, because rescission was not pleaded. If the defendant has taken the water from the creek under the contract it must restore it as a condition of rescission. The mere fact that plaintiff can sue for it is not enough. If that were the rule, restoration need never be required, for mere rescission will always give that right. It must deliver the goods, except in some peculiar cases where it is excused.

Counsel says further, that to compel specific performance, under the circumstances, would be inequitable. By bringing the suit, plaintiff affirms the contract made by Nichols. Still, if defendant had made such issue at the trial I have no doubt the trial court would have required a conveyance of the riparian right as a condition of the relief granted.

Had plaintiff refused to confirm the transfer of riparian rights, I think relief should have been refused. I see no harm to anyone in requiring it now, and recommend that the judgment be modified to that effect. I think, however, appellant is not entitled to costs on this appeal.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment in said cause is modified so as to require plaintiff to convey to defendant his right to the water of the Paddy Ranch creek, belonging to him as owner of

the Nichols ranch, and said judgment is in all other respects affirmed. It is further ordered that respondent recover his costs on this appeal.

DE HAVEN, J., HARRISON, J., FITZGERALD, J.