[Civ. No. 194.   Second Appellate District.—May 9, 1906.]

## HENRY F. WHITTIER, Respondent, v. THOMAS GORMLEY, Appellant.

SPECIFIC PERFORMANCE —CONTRACT TO SELL REAL ESTATE—CERTAINTY. A contract for the sale of land signed by the owner and dated, acknowledging receipt of $100 from the purchaser paid to bind the bargain and sale of the land fully described, said sum "to be considered and accepted as part of the purchase price of said sale, which is $5,500, less commission," is not too uncertain to be the subject of specific performance at suit of the purchaser.

ID.—TIME OF PAYMENT—DELIVERY OF DEED.—The fact that no time of payment of the residue of the purchase money is specified does not render the contract uncertain, since under section 1657 of the Civil Code such money is to be deemed payable upon delivery of the deed.

ID.—AMOUNT OF COMMISSION ASCERTAINABLE.—The amount of commission specified in the contract is ascertainable, especially where its certainty in amount is undisputed.

ID.—CERTIFICATE OF TITLE—IMPLIED REPRESENTATION OF VENDOR.—The contract is not uncertain because no certificate of title is provided for. The vendor by his agreement to sell was in duty bound to furnish a good or marketable title, and impliedly represented that he had such title free from litigation, palpable defects and grave doubts, and fairly deducible of record.

ID.—APPLICATION OF PURCHASE MONEY TO CURE DEFECTS.—The court in enforcing specific performance properly allowed a deduction in the residue of the purchase money to be applied toward reimbursing plaintiff in curing certain defects, less rents received, and to pay the necessary costs and penalties required to redeem the property from tax sales.

ID.—IMPLIED FINDING AS TO REASONABLENESS OF SUM PAID.—While the court did not in terms find that the amount expended by plaintiff to remove defects was a reasonable sum, its order and judgment in relation thereto will be taken as impliedly finding such fact.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.   J. S. Noyes, Judge presiding.

The facts are stated in the opinion of the court.

Jones & Weller, for Appellant.

W. C. Batcheller, for Respondent.

ALLEN, J.—Action for specific performance. Findings and judgment for plaintiff. From the judgment and an order denying a new trial defendant appeals.

The case as presented by the record is this: Defendant, the owner of a lot in the city of Los Angeles, agreed to sell the same to plaintiff for the sum of $5,500, and as evidence of such agreement executed the following instrument:

"Los Angeles, Cal., Mch. 26th, 1902.

"Received of Henry F. Whittier the sum of $100.00, one hundred & 00-100 dollars, being paid to grantor to bind bargain, and sale of lot 17, block 85, Feldhauser sub. of block 85 & 86, Ord's survey of Los Angeles, California, said sum of $100.00 so paid, to be considered and accepted as a part of the purchase price of said lot which is $5,500.00, less commission.''

It is conceded that the words "less commission" were intended to and did mean a commission of $150. Upon the faith of this, defendant put plaintiff into possession of the premises and authorized him to collect the rent of the tenant for the month of April, which he did. That thereafter defendant furnished to plaintiff a certificate of title, made by the Title Guarantee and Trust Company, which showed the title to said real property to be subject to the following encumbrances: (1) Two tax sales of the front vigintillionth part of said lot for delinquent taxes; (2) a tax deed to one Collins on account of a preceding delinquent tax sale; and (3) a mortgage, dated June, 1889, given to secure $14,806.72, in thirty monthly installments, commencing July 31, 1889, and duly recorded. The plaintiff objected to receiving such title, and afterward the defendant notified him that the defects and encumbrances above mentioned had been removed; and, at plaintiff's request, defendant, on the fifteenth day of April, 1902, executed a deed in regular form and delivered the same to the Title Insurance and Trust Company, to be by them delivered to plaintiff upon the payment of $5,250, the balance of the purchase money. That on the 17th of April plaintiff deposited with said Title Insurance and Trust Company an amount sufficient to pay such balance with instructions

to pay the same to defendant if said property was free and clear of defects and encumbrances. That defendant refused to correct or remove such encumbrances, or to allow the expense thereof, or to make any conveyance other than one subject thereto; and on the 24th of April withdrew said deed and destroyed the same. That he never thereafter tendered any deed or demanded any of the balance of the purchase price. That the plaintiff, after the refusal of the defendant to remove such cloud, obtained releases correcting the title to said premises in all respects, save as to the two tax sales first mentioned, at an expense of $67.50, and on the 26th of April, 1902, commenced this action.

The court, by its decree, ordered the defendant, upon the payment to him of $5,250, to execute, acknowledge and deliver to plaintiff a good and sufficient deed of conveyance to said land, free and clear of all defects, liens, and encumbrances, and providing that upon the defendant's default in that regard, a commissioner appointed by the court should execute such conveyance and receive the unpaid purchase money, and out of the same to repay plaintiff the $67.50 expended in clearing the title of certain defects, less $20.45, rents received, and to pay the necessary costs and penalties according to law to redeem said property from said two tax sales first mentioned, and to pay the balance to defendant.

Appellant's first contention is, that the contract is too uncertain to be the subject of specific performance. We are unable to see anything uncertain in relation to this contract. It is signed by the party to be charged with the conveyance of the property and accepted by the other. Section 1657 of the Civil Code provides that if no time is specified for the performance of an act, if it consists in the payment of money only, it must be performed immediately upon the thing to be done being exactly ascertained. It follows, therefore, that the money was payable upon delivery of the deed. The amount of commissions is susceptible of ascertainment, and its certainty of amount is not disputed.

It is next contended that there was no agreement to furnish a certificate of title, which may be true. But it was the duty of the defendant to furnish a good or marketable title. The vendor in an executory agreement for the sale of land impliedly represents that he has a good title thereto as one of the

considerations for inducing the vendee to enter into the contract, and that the conveyance therein agreed to be made will transfer such title. (*Wilcox* v. *Lattin,* 93 Cal. 588, [29 Pac. 226].) A title to be good "should be free from litigation, palpable defects, and grave doubts; should consist of both legal and equitable titles and should be fairly deducible of record." (*Turner* v. *McDonald,* 76 Cal. 177, [9 Am. St. Rep. 189, 18 Pac. 262].) Applying these tests, the title evidenced by the certificate, which of itself was representation and statement of defendant as to its condition, showed encumbrances and defects. While the portion of the property attempted to be sold at the two first sales mentioned is so infinitesimal as to be scarcely susceptible of computation, nevertheless it is a cloud upon the title which might affect its market value. The mortgage under certain facts may have been barred, and probably was, and yet it constituted an encumbrance in the sense that it would require litigation in order to remove it and quiet the title, and it was not incumbent upon plaintiff to accept a title thus encumbered. "In an action for the specific performance of an agreement to convey land, a court of equity has power, by its decree, as against the parties who are before it, to enforce all the terms of the agreement; . . . the court can direct the application of the purchase money to the satisfaction of those encumbrances, and for that purpose can cause the money to be brought into court, and disbursed under its direction." (*Grant* v. *Beronio,* 97 Cal. 498, [32 Pac. 556].) The plaintiff in this case, having the right to have the court decree that these encumbrances should be paid out of the purchase money, certainly possessed the right to expend the very small sum so required to remove them; and while the court does not in terms find that the amount so expended was a reasonable sum, its order and judgment in relation thereto will be taken as impliedly finding such fact.

We perceive no error in the record, and the judgment and order are affirmed.

Smith, J., and Gray, P. J., concurred.

SMITH, J., Concurring.—In concurring in the opinion in this case I deem it proper to add that I do not wish to be understood as holding that either the two sales of the vigintil-

lionth part of the front of the lots in question, or the mortgage thereon referred to in the findings, constitute any defect in the title. The case is substantially the same whether we hold the affirmative .or the negative of these questions, and, therefore, I deem it unnecessary to pass upon them.