*H. G. Spencer* for defendant.

---

## PHILIP F. FREAR *v.* MORRIS ROSENBLEDT.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED NOVEMBER 7, 1911.          DECIDED NOVEMBER 16, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

SPECIFIC PERFORMANCE—*agreement to convey—construction.*

    A contract to convey certain land by "a good and sufficient warranty deed" is in law an undertaking not to furnish a deed good in form only, but to convey the title free from all encumbrances.

ID.—*order to show cause—release of mortgage—evidence.*

    Upon an order requiring the respondent in a suit in equity to show cause why he should not, in compliance with a decree directing him to specifically perform such a contract, furnish to complainant a release of an outstanding mortgage, evidence offered by the complainant is, at least under the circumstances of this case, admissible which tends to show that the mortgagee is willing to release the mortgage upon payment of a sum not exceeding the agreed purchase price, even though the evidence was not offered at the hearing before decree.

APPEAL—*stay of execution—specific performance.*

    In such a suit, pending an appeal from the discharge of an order requiring the respondent to show cause why he should not furnish a release of an outstanding mortgage as well as a warranty deed, the fund deposited in court by the vendee for payment of the agreed purchase price should not be paid over to the vendor.

## OPINION OF THE COURT BY PERRY, J.

This is a suit for specific performance. The allegations of, the bill are that the respondent, being at the time "the owner of the land and premises" described "and of the land adjoining thereto over which exists a right of way," also described, on January 2, 1908, entered into a certain lease and agreement in writing with the complainant demising the premises described and the right of way and in the instrument further granted to complainant "a right and option to purchase said demised premises and right of way at any time within three years from the date of the agreement   *   *   *   for the sum of one thousand dollars," and covenanted that on payment of that sum within the time stated he would furnish to the complainant "a good and sufficient warranty deed" of the property in question; that on or about August 26, 1910, the complainant accepted and orally expressed to the respondent his acceptance of the option and tendered payment of the sum of one thousand dollars, and requested delivery of a deed in accordance with the terms of the agreement; that on or about September 12, 1910, the complainant verbally and in writing notified the respondent of his acceptance of the option and again made tender of payment of the consideration, and again requested a deed as required by the agreement; and that respondent neglected and refused to accept the tender and to execute and deliver the deed. The prayer is that the respondent be required to specifically perform the agreement of sale on his part and to deliver to complainant upon payment of the sum mentioned a good and sufficient warranty deed of the property. A copy of the lease and agreement is attached to and made a part of the bill.

In his answer the respondent, referring to the allegation of ownership as set forth in the bill and to the execution of the lease and agreement, admits the truth of the latter and alleges that on January 2, 1908, he was "the owner in fee simple of the premises,   *   *   *   but on said last named day said premises were subject to a mortgage to" the trustees under the will

of S. C. Allen, "which said mortgage is still in force and effect and has not been satisfied and or released"; denies the truth of the allegations relating to the acceptances of the option and the requests for a deed; alleges that he has not sufficient information or belief to either admit or deny that on either of the days named the complainant tendered payment; that on January 2, 1908, the roadway in the agreement referred to was of the uniform width of not more than twelve feet, but that complainant, disregarding the terms of the option on August 26 and September 12, 1910, requested a grant of a right of way over a roadway "to be not less than twenty-four feet in width"; denies that respondent has neglected or refused to accept any tenders or to execute or deliver a deed as by the option required; and further denies that complainant has done all things required of him by the agreement.

The circuit judge decreed "that the agreement of sale in said indenture of January 2, 1908, be specifically performed and that said respondent, Morris Rosenbledt, be and he is hereby required and directed to make, execute and deliver unto the said Philip F. Frear a good and sufficient warranty deed of the premises mentioned and described in the said indenture" and of the right of way over the road mentioned, and that upon the execution and delivery "of said good and sufficient warranty deed * * * as hereinabove provided and decreed" the sum of one thousand dollars which had been deposited by the complainant in court be paid over to the respondent or deposited in the First National Bank of Hawaii to the account and subject to the order of the respondent.

From this decree neither party appealed. Correspondence followed in which the complainant demanded of the respondent the execution and delivery of a warranty deed of the property and of a release of the mortgage in favor of the trustees of the Allen estate and of any other outstanding encumbrances, and the respondent signified his willingness to furnish the deed, but not a release as requested. Thereupon the complainant pre-

sented a petition for an order requiring the respondent to show cause why he should not comply with the decree, alleging "that there is now outstanding a certain mortgage on grant 153, in said decree described and referred to, and covering and affecting said premises directed by said decree to be conveyed to your petitioner," and that respondent had declared to complainant his intention to execute and deliver as a compliance with the decree "a deed which shall in point of form only and not in substance comply with said decree," and had declined to furnish complainant with any evidence of a release of the mortgage. At the hearing upon the order the complainant offered to prove these facts and the willingness of the mortgagee to release the property in question from the operation of the mortgage upon payment of the sum of one thousand dollars and interest thereon, and further offered to pay, if deemed necessary by the court, the interest, looking to the respondent for subsequent repayment, and asked that the fund in court be ordered paid to the mortgagee in order to secure the release. The court refused to receive the evidence, declared in effect that the delivery of a warranty deed without a release of the mortgage was a compliance with the decree, against the complainant's protest and in spite of the noting of an appeal by him ordered the fund in court paid over to the respondent and the deed to be deposited with the clerk subject to the order of the complainant, and discharged the order to show cause. From the latest order so made the complainant appealed to this court.

On behalf of the respondent it is contended that the decree requires merely the execution and delivery of a deed good in form and not the conveyance of a good title in fee free from encumbrances, that the evidence of the existence of the Allen mortgage and of the possibility of obtaining a release of the same should have been offered by the complainant, if at all, in the case in chief, that the complainant not having appealed from the decree the evidence is not now admissible.

The respondent's contract to furnish "a good and sufficient

warranty deed" was in law an undertaking not to give a deed good in form only, but to convey the title free from encumbrances. *Clute* v. *Robison,* 2 Johns. 594, 613; *Guild* v. *Railway,* 33 L. R. A. (Kans.) 77, 81; *Moore* v. *Williams,* 5 L. R. A. (N. Y.) 654, 656; *Swan* v. *Drury,* 22 Pick. 485, 489; *Haynes* v. *White,* 55 Cal. 38, 40; *Delavan* v. *Duncan,* 49 N. Y. 485, 487; *Hinckley* v. *Smith,* 51 N. Y. 21, 24; *Bostwick* v. *Beach,* 103 N. Y. 414, 421; *Everson* v. *Kirtland,* 4 Paige 627, 638; Rawle's Covenants for Title, Sec. 32. The decree, adopting the language of the agreement, required "a good and sufficient warranty deed." No good reason appears for giving to this clause in the decree a construction different from that which is appropriate when the words appear in a contract. There is nothing in the remaining language of the decree itself to require a different construction. On the contrary the requirement in the decree that "the agreement of sale in said indenture of January 2, 1908, be specifically performed" renders it clear that the language was used in the decree in the same sense in which it was used in the contract. Whatever the agreement was which was contained in the contract, that the respondent was required by the decree to perform, and the agreement, as we have already held, was to convey a good title free from all encumbrances.

The burden was not upon the complainant to allege or prove in the first instance the respondent's ability to perform, but on the respondent to show inability, if any existed. *Borden* v. *Curtis,* 46 N. J. Eq. 468, 471; *Greenfield* v. *Carlton,* 30 Ark. 547, 556; 20 Pl. & Pr. 457. That defense was not presented in the answer. The mere assertion that the land in question was subject to a mortgage, not even the amount of the mortgage being stated, did not constitute a claim of impossibility of performance. If the mortgage was for an amount less than the contract price of one thousand dollars and was overdue, or if the mortgagee was willing to release on payment, no defense would be presented. The mortgage in that case could be ordered paid out of the fund in court. Whether any claim of

impossibility of performance by reason of the existence of the mortgage was set up in the evidence we are unable to say, for the transcript of the evidence is not before us. In any event, even if that defense was interposed, it was not sustained, for the decree was, as above stated, that the respondent convey a good title free of encumbrances. The oral decision, made after the close of the trial, likewise excludes the theory that the court found the fact of impossibility of performance. Said the court: "I am satisfied that a good, valid and sufficient tender was made on the 26th day of August, 1910, in this: that all the witnesses agreed in stating that the cash was actually offered before the deed was even produced from the pocket—if he had it in his pocket—or from the possession—if he had it in his possession —till all discussion ceased in reference to cash at all. I do not think that counsel would intimate that either party has·wilfully misstated anything. In the lapse of time other matters demand their attention. · I do not believe that they wilfully misstated anything. Even Mr. Rosenbledt said, 'I will not say that he used the word *demand* on the 26th day of August, 1910,' but I have to say that even he would not commit himself that far." Then followed a statement that a decree would be entered in favor of complainant requiring the respondent to furnish to complainant a good and sufficient warranty deed to the premises and directing the clerk upon the delivery of the deed to pay the one thousand dollars to the respondent or to deposit it in the First National Bank to the account and subject to the order of the respondent. Not a word was said in the decision upon the subject of any claim of impossibility of performance or upon any subject other than that of the sufficiency of the tender made. Apparently the latter was the only issue tried.

The presumption is that the court correctly construed the agreement of the parties. The terms of the decree, as we construe it, are those which should properly be found in a decree overruling the only defense (that of tender) which was advanced. The complainant was under no necessity to appeal.

He obtained a decree in his favor granting him all the relief to which he was entitled. The respondent first set up impossibility of performance as a defense to the order to show cause, and it was then that it first became the complainant's duty to meet the defense with evidence of the mortgagee's willingness to release the property in question and of the respondent's ability to perform by payment out of the fund in court or otherwise. The evidence should have been received.

The direction to pay the one thousand dollars in court to the respondent notwithstanding the complainant's appeal was also error. An appeal stays execution (Sec. 1861, R. L.) unless upon good cause shown the judge allows appropriate action to be taken for the enforcement of the decree. No attempt was made in this case to show cause. The order appears to have been made on the theory that the decree was "self-executing"; but in this jurisdiction, where no statute exists on the subject, equity acts *in personam* only and has no inherent power by the mere force of its decree to pass a title. *Borges* v. *Encamacao,* ante, 638; *Hart* v. *Sansom,* 110 U. S. 151, 155. Pending the disposition of the appeal the decree should not have been enforced in whole or in part.

The order appealed from is set aside and the cause remanded for further proceedings not inconsistent with this opinion.

*C. R. Hemenway* (*Smith, Warren & Hemenway* on the brief) for complainant.

*F. Schnack* (*E. C. Peters* with him on the brief) for respondent.

### ROBERTSON, C.J., CONCURRING.

The fact that the premises in question were subject to a mortgage was brought to the plaintiff's attention by the answer of the defendant. The status of the mortgage; the ascertainment of the amount due thereon; and the further facts, which plaintiff offered to prove at the hearing on the order to show cause, that although the mortgage covers other lands, the mort-

Frear v. Rosenbledt, 20 Haw. 682.

gagee is willing to release the land here involved upon payment of the sum of $1000, with interest thereon, which latter the plaintiff is ready and willing, if the court should so direct, to advance, were all matters which should have been investigated and adjudicated at the hearing. And plaintiff should have had included in the decree, if the court found him to be entitled to it, a direction that the respondent discharge and remove the encumbrance. *Jerome* v. *Scudder,* 2 Rob. (N. Y.) 169, 173; *Grant* v. *Beronio,* 97 Cal. 496; *Hunt* v. *Smith,* 139 Ill. 296, 302.

Ordinarily, the entry of a final decree made without any reservation of further directions ends the cause, and no further proceedings, except by way of appeal, can be had. But a court of equity has the inherent right to direct by a subsequent order the manner in which a decree shall be enforced. *Mootry* v. *Grayson,* 104 Fed. 613, 618; *Cadotte* v. *Cadotte,* 120 Mich. 667; *Farmer's Loan Co.* v. *Pacific Ry. Co.,* 28 Ore. 44. And where the further direction asked for is merely consequential upon the decree itself, the proper course is to supply the omission by a distinct order without altering the decree. *Clark* v. *Hall,* 7 Paige 382; *Jarmon* v. *Wiswall,* 24 N. J. E. 68.

By the terms of the agreement the plaintiff was entitled to receive from the respondent a clear title in fee simple to the premises in question, and the intention of the circuit judge was, doubtless, to so decree. The supplemental relief sought by plaintiff, being consistent with the decree, ought not to be denied, if the plaintiff is otherwise entitled to it, merely because of the failure of his counsel to secure the inclusion in the decree of the order to remove the encumbrance. I think the circuit judge would have admitted the evidence offered by the plaintiff had he not entertained the erroneous idea that the decree was self-executing and operated to pass the title to the land to the plaintiff. I therefore agree that the order appealed from should be reversed.