[Civ. No. 18833. Second Dist., Div. Three. May 8, 1952.]

EDGAR C. GOLDSWORTHY et al., Respondents, v. CHARLES E. DOBBINS et al., Appellants.

Shepherd & Shepherd for Appellants.

Glenn R. Watson for Respondents.

VALLÉE, J.—Appeal by defendants Dobbins on the judgment roll in a suit for specific performance brought by the vendors to compel the purchasers to perform a contract for the sale of realty situated in Los Angeles.

On February 7, 1950, plaintiffs and defendants Dobbins, referred to as defendants, entered into a contract in writing whereby plaintiffs agreed to sell and defendants agreed to buy a parcel of improved realty. The purchase price was $33,496.78 to be paid $10,000 in cash and the balance by the assumption of a first trust deed on which there was an un-. paid balance of about $11,146.78 and a second trust deed securing $12,350. At the time the contract was made there was a second trust deed on the property securing $16,179.88. The contract provided that $2,000 of the $10,000 cash be paid to the Griswolds, holders of the second trust deed then on the property, and that a new trust deed be executed to them securing $12,350. The Griswolds, in writing, separately agreed with defendants to accept $2,000 cash and a new second trust deed for $12,350 in lieu of that for $16,179.88. The contract of February 7, 1950, provided that if an action was instituted thereon the defendants would "pay such sums as the Court may fix as attorney's fees."

On February 8, 1950, the parties opened an escrow and signed escrow instructions. On March 13, 1950, plaintiffs, defendants, and the Griswolds entered into an additional written contract by which it was agreed that plaintiffs would pay the monthly payments on the first trust deed as they fell due and defendants would make up "the difference which is paid to principal same to be adjusted in cash to purchase price at close of this escrow."

Plaintiffs executed a good and sufficient deed of the realty to defendants and delivered it to the escrow holder in conformity with the escrow instructions, took all steps necessary to have a policy of title insurance issued showing title vested as agreed, and performed all of the terms of the contract on their part to be performed. The Griswolds caused the trustee of the existing trust deed to execute a

full reconveyance thereof which was deposited in the escrow. Nothing further remained to be done by plaintiffs or the Griswolds to complete the escrow and the escrow holder was ready to proceed.

Defendants deposited $100 and a note and trust deed for $12,350 in favor of the Griswolds in the escrow. In all other respects they failed and refused to perform the contracts. On May 26, 1950, having decided to move from Los Angeles to Oakland, they delivered a document to plaintiffs in which they attempted to rescind the contracts and the escrow instructions in their entirety.

The court found that: (1) the fair and reasonable value of the property was $33,496.78, the purchase price; (2) the contracts are fair and reasonable; (3) since opening of the escrow plaintiffs have paid $984.90 on the principal of the first trust deed; (4) under the contracts defendants are indebted to plaintiffs in these amounts: (a) $8,079.58 for the equity in the realty with interest, (b) $984.90 to reimburse plaintiffs for payments on principal of the first trust deed, and (c) $1,500 attorney fees. It was also found that defendants had paid $100 on their obligation.

On June 5, 1951, an interlocutory judgment was entered in which it was decreed that the contracts be specifically performed and that defendants "within fifteen (15) days from the date of service upon them of notice of entry of this interlocutory judgment, pay into the escrow between the parties the sum of $7,979.58, the sum of $2,000.00, the sum of $984.90, and any additional installments of principal on the first trust deed on the premises involved in this action after date of trial and prior to the expiration of said fifteen (15) days; upon said sums having been paid by defendants, plaintiffs obtain, or cause to be obtained and deliver to the first lien holder, a standard policy of title insurance with a liability of not less than $31,496.76, showing title vested in Charles E. Dobbins and Avis O. Dobbins, his wife, as joint tenants, free of encumbrances" except (1) those specified in the escrow instructions, (2) the first trust deed, (3) a second trust deed in favor of the Griswolds for $12,350; and that taxes, rentals, insurance premiums, and interest on the trust deeds be prorated as of the date of close of escrow as provided in the escrow instructions.

It was further decreed that in the event defendants failed to perform the contracts on their part or pay said sums

into escrow within the 15 days that final judgment be made and entered in favor of plaintiffs and against defendants in the sum of $7,979.58 with interest from May 26, 1950, and in the sum of $984.90 with interest from March 1, 1950, "jurisdiction being hereby retained to enter such judgment, and at such time such judgment shall finally determine all the rights of the parties herein." Plaintiffs were also awarded $1,500 attorney fees.

Defendants moved for a new trial which was denied. On the hearing of the motion on July 6, 1951, the conclusions of law were amended to provide that upon payment of the amounts specified in the interlocutory judgment defendants were entitled to a conveyance of the realty; and the interlocutory judgment was amended *nunc pro tunc* as of June 5, 1951, to provide that "upon payment of such judgment that plaintiffs' conveyance of said premises be delivered to said defendants. . . ."

On July 6, 1951, a final judgment was rendered which recited that defendants had not complied with the interlocutory judgment, and adjudged that plaintiffs take judgment against defendants for $8,964.48 and interest, and that on payment of the judgment the realty be conveyed to defendants.

Defendants appealed from (1) the *nunc pro tunc* order amending the interlocutory judgment, (2) the interlocutory judgment as originally entered, (3) the interlocutory judgment as amended, and (4) the final judgment. As numbers (1), (2) and (3) are nonappealable the appeals therefrom must be dismissed. (*Mather* v. *Mather,* 22 Cal.2d 713, 720 [140 P.2d 808]; *Bakewell* v. *Bakewell,* 21 Cal.2d 224, 226-228 [130 P.2d 975].) On the appeal from the final judgment the rulings and decisions of the court on all the issues are reviewable. (Code Civ. Proc., § 956.)

The assignments of error are: (1) the Griswolds were necessary parties to the action; (2) the findings do not support the judgment for $984.90 and interest; (3) the final judgment did not reserve jurisdiction to finally settle the matter; (4) the final judgment contravenes the provisions of section 580b of the Code of Civil Procedure because, in effect, it awards the plaintiffs a deficiency judgment; (5) the final judgment fails to take into consideration the fact that the plaintiffs have a vendors' lien on the real property to secure their judgment; and (6) the final judgment, in effect, awards to the plaintiffs money by way of a penalty

or forfeiture, contrary to the law of California as laid down in recent decisions.

The contention that the Griswolds were indispensable parties is without merit. Code of Civil Procedure, section 389 provides: ''The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in. . . .''

It is only when a complete determination of the controversy cannot be had without the ''presence'' of a party that the court ''must'' order him brought in. ▇ The general rule is that the court will not order a new party defendant brought in unless the presence of the new party is necessary to the determination of the action. (*East Riverside Irr. Dist.* v. *Holcomb,* 126 Cal. 315, 320 [58 P. 817]; *Ambassador Petroleum Co.* v. *Superior Court,* 208 Cal. 667, 673 [284 P. 445].)

A complete determination of the controversy can be had without the presence of the Griswolds. The controversy as to specific performance is solely between plaintiffs and defendants. It is only the persons whose interest in the subject matter will be affected by the decree, who are indispensable parties. ▇ The Griswolds are not affected or prejudiced by the decree; hence they are not indispensable parties to a determination of the issues between plaintiffs and defendants. (*Baines* v. *Zuieback,* 84 Cal.App.2d 483, 493 [191 P.2d 67].)

Plaintiffs agreed to make the payments on the first trust deed during escrow, and defendants agreed to reimburse them for that part of the payments which should be credited to principal. This was obviously done because, as found by the court, the escrow was prolonged for several months for defendants' convenience. The judgment for $984.90 represents the payments made by plaintiff on the principal of the first trust deed, and defendants received the benefit by reduction of the principal of the trust deed.

Defendants say they should not be charged with the $984.90 without a corresponding credit for rentals received by plaintiffs from the property during the same period of time. The parties agreed that plaintiffs should have the rentals during escrow while burdened with the management of the property and the expense of interest, taxes and insurance. Defendants say they would have no objection to the inclusion of the

$984.90 in the judgment "if payment of it were set up as a condition precedent for the Dobbins receiving a conveyance of the. real property." The effect of the judgment will be considered in later discussion.

Section 580b of the Code of Civil Procedure, in pertinent part, provides: "No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale. . . ." Defendants argue that the enactment of section 580b in 1935 abolished the remedy of specific performance in an action brought by a seller against a buyer to enforce a contract to purchase real property where the only obligation of the buyer is to pay money and the value of the property equals the purchase price. The argument is untenable. To give section 580b the construction defendants seek would be to hold that sections 3384-3395 found in title III, chapter II of the Civil Code, treating of specific performance, were in part repealed by implication. No such consequence resulted. The effect of the enactment of section 580b on then existing provisions of law was ably and exhaustively discussed by Mr. Presiding Justice Peters in *Kerrigan* v. *Maloof*, 98 Cal.App.2d 605, 614-617 [221 P.2d 153]. No purpose would be served in repeating it. It was there held, in conformity with the rules of construction stated in Political Code, sections 4481 and 4482, that if the provisions of any title of the codes conflict with or contravene the provisions of another title, or if the provisions of any chapter of the codes conflict with or contravene the provisions of another chapter, the provisions of each title or chapter must prevail as to all matters and questions arising out of the subject matter of such title or chapter, and that section 785 found in title X of the Code of Civil Procedure controlled the general language of section 580b found in title VIII of the same code. In *Laske* v. *Lampasona* (1948), 89 Cal.App.2d 284, 287 [200 P.2d 871], this court said it is well established that a vendor of real property has the right to have specific performance of a valid agreement of purchase.

Defendants also argue that under the final judgment plaintiffs may have execution levied and end up with a deficiency judgment contrary to the mandate of section 580b. *Kerrigan* v. *Maloof, supra,* held that section 580b only applies to contracts of sale where credit is involved and does not apply to sales for cash. In the present case the sale was for cash.

Defendants say the facts of this case bring it within the principles announced in *Freedman* v. *The Rector*, 37 Cal.2d 16 [230 P.2d 629]. The Freedman case was an action by a purchaser against a vendor, under a contract for the sale of real property, for specific performance or for damages. The plaintiff had made a down payment of $2,000. The court held he was not entitled to specific performance or damages for breach of contract because he had repudiated the contract. The question remained whether the plaintiff was entitled to the return of any part of his down payment. The defendant had resold the property for $2,000 more than the plaintiff had agreed to pay for it. The court held that the plaintiff was entitled to recover the $2,000 down payment less the defendant's expenses. Its reasoning was epitomized thus, page 19: "If defendant is allowed to retain the amount of the down payment in excess of its expenses in connection with the contract it will be enriched and plaintiff will suffer a penalty in excess of any damages he caused." No such state of facts exists in the case at bar. This is not an action for damages. Plaintiffs do not seek to retain the defendants' down payment as a penalty for breach of the contracts. Plaintiffs will not be unjustly enriched nor will defendants suffer a penalty by performance of the contracts. Plaintiffs merely seek to compel defendants to specifically perform their contracts—to pay the amount they agreed to pay for the property, which the court has found to be just and reasonable, and on payment to receive a conveyance. *Freedman* v. *The Rector* is not analogous.

Defendants' principal contention appears to be that the final judgment does not contain the provisions of the interlocutory judgment but merely provides that on payment of the money the property be conveyed to defendants, and that, therefore, it does not give them the legal rights to which they are entitled.

A decree for specific performance, in addition to ordering a conveyance, may make such delivery conditional upon payment by the purchaser of the amount due on the purchase price, together with interest from the date it fell due. Such a condition protects the rights of the purchaser. (*Clyne* v. *Benicia Water Co.*, 100 Cal. 310, 315 [34 P. 714]; *Bird* v. *Potter*, 146 Cal. 286, 289 [79 P. 970].) If the parties have agreed that a policy of title insurance shall be furnished, the judgment, in an action by a vendor, may require payment to be made by the purchaser only upon the tender to

him of a policy of title insurance showing title to the property to be in the vendor, free and clear of all encumbrances, except those agreed upon. (*Jackson* v. *Snow*, 62 Cal.App. 56, 62 [216 P. 60].) ▇ The court in an action for specific performance may direct that the amount of an encumbrance be paid directly to the holder instead of to the vendor even though such holder is not before the court. (*Grant* v. *Beronio*, 97 Cal. 496, 498-499 [32 P. 556] ; *Whittier* v. *Gormley*, 3 Cal. App. 489, 492 [86 P. 726].) ▇ When the judgment includes an order that plaintiff convey the realty involved to the defendant it effects a transfer of title as effectually as a voluntary conveyance. (*Scott* v. *Warden*, 111 Cal.App. 587, 593 [296 P. 95].)

▇ The procedure followed in the present case—entry of an interlocutory judgment allowing the purchasers a specified time to pay the purchase price and accept the deed and title documents deposited in escrow, and if the purchaser fails to do so, the entry of a final judgment for the purchase price—was approved in *Moser* v. *Pearce*, 124 Cal. App. 478, 482-484 [12 P.2d 977]. The final judgment should be modified to compel a conveyance by plaintiffs upon the terms and conditions specified in the contracts and in the escrow instructions on receipt of the purchase price. Such modification will eliminate the basis of defendants' claim that the final judgment disregards plaintiffs' vendors' lien because, so it is argued, plaintiffs can levy and collect all sums less than the whole of the judgment and still retain title to the property. ▇ Resort may be had to the findings of fact, the conclusions of law, and the interlocutory judgment to clarify any uncertainty in the final judgment. (*Gelfand* v. *O'Haver*, 33 Cal.2d 218, 222 [200 P.2d 790].)

▇ Should plaintiffs, after receipt of the purchase price, in anywise disobey the command to convey, or prevent delivery of the deed, the judgment can be enforced against them by contempt proceedings. (Code Civ. Proc., §§ 684, 1209(5), 1219; *'76 L. & W. Co.* v. *Superior Court*, 93 Cal. 139, 143 [28 P. 813] ; 58 C.J. 1277, §§ 633-635; 49 Am.Jur., 202, § 179. *Cf. Ex parte Joutsen*, 154 Cal. 540, 545 [98 P. 391] ; *Scadden Flat G. M. Co.* v. *Scadden*, 121 Cal. 33, 41 [53 P. 440].)

That part of the final judgment providing that the property be conveyed to defendants is modified to read as follows : It is further ordered that upon receipt of payment of such judgment plaintiffs Edgar C. Goldsworthy and Lilliane C. Goldsworthy (1) shall execute, acknowledge and de-

liver to defendants Charles E. Dobbins and Avis O. Dobbins a grant deed conveying to them, as joint tenants, the property described as: The South 40 feet of Lot 220 of Hyde Park as per map recorded in Book 14, Page 21 of Miscellaneous Records in the office of the county recorder of said county; and (2) cause to be obtained and delivered to the holder of the first deed of trust on said property a standard policy of title insurance with a liability of not less than $31,496.76, showing title thereto to be vested in defendants Charles E. Dobbins and Avis O. Dobbins, as joint tenants, free of encumbrances except (a) current taxes, conditions, restrictions, reservations, easements, and rights of way of record, if any, affecting the use and occupancy of said property, (b) exception or reservation of oil, gas, or mineral rights, if any, (c) a first deed of trust in the amount of about $10,161.88, (d) a second deed of trust in favor of S. E. Griswold and Edith K. Griswold in the amount of $12,350; the above mentioned deeds of trust and corresponding notes to be in the terms provided in the contracts and escrow instructions set out in the pleadings and referred to in the findings. Defendants are ordered to pay to plaintiffs any additional installments of principal on the first deed of trust on said property that have been paid by plaintiffs since the sum of $984.90 accrued. Defendants are ordered to pay to S. E. Griswold and Edith K. Griswold the sum of $2,000. It is further ordered that taxes on said property, rentals therefrom, insurance premiums thereon, and interest on the deeds of trust on said property be prorated between plaintiffs and defendants Dobbins as of the date that plaintiffs shall receive payment of such judgment. The court retains jurisdiction to make such further orders as may be proper or necessary to effectuate and enforce the provisions of this judgment.

As thus modified the judgment is affirmed. The appeals from the *nunc pro tunc* order amending the interlocutory judgment, from the interlocutory judgment as originally entered, and from the interlocutory judgment as amended, are dismissed.

Wood (Parker), J., concurred.

Shinn, P. J., concurred in the judgment.

Appellants' petition for a hearing by the Supreme Court was denied July 7, 1952.