[Civ. No. 1267.    First Appellate District.—January 6, 1914.]

## WARATAH OIL COMPANY (a Corporation), Respondent, v. REWARD OIL COMPANY (a Corporation), Appellant.

SPECIFIC PERFORMANCE—CONTRACT TO PURCHASE OIL LAND—POSSIBILITY OF SALE NOT A DEFENSE.—The vendor of oil land will not be denied specific performance of the contract of purchase merely because the property may be sold on the market for the contract price.

ID.—VALUE OF LAND—MARKET VALUE AS TEST.—The proper test of the value of the land in such action is its market value.

REFORMATION OF CONTRACT—MUTUAL MISTAKE IN OMITTING DATE.— Where the court in an action wherein one of the counts in the complaint is to have a contract for the purchase and sale of oil land reformed so as to insert the date thereof, finds that the failure to insert the date in the contract was a mutual mistake of the parties, the result of inadvertence and "unconscious forgetfulness," the court is not only warranted but compelled to decree reformation.

CORPORATION—SALE OF ENTIRE ASSETS—RATIFICATION OF TRANSACTION.—A contract to sell all the assets of a corporation cannot be repudiated on the ground that the delegation of authority to the president and secretary of the company to make the sale was void, if thereafter both parties assume and act upon the contract as though its validity were without question, and the directors pass a resolution expressly ratifying the sale and tender a deed of the property to the purchaser.

ID.—RATIFICATION OF CONTRACT—CONSENT OR REPUDIATION.—Such contract may be ratified by the corporation without the consent of the purchaser, and before he repudiates it.

ID.—SPECIAL DIRECTORS' MEETING—NOTICE—SPECIFYING OBJECT OF MEETING.—A notice of a special meeting of directors need not specify the object of the meeting.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Thomas H. Breeze, for Appellant.

A. L. Weil, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in favor of the plaintiff for the sum of forty-three thousand two hundred dollars, reforming the contract upon which the recovery was had as prayed for by the plaintiff, and denying the defendant the relief asked in its cross-complaint; and comes here upon a bill of exceptions.

The action is based upon a contract that was made by the parties in November, 1909, for the purchase and sale of certain land in Coalinga, Fresno County, supposed to contain oil. It was agreed that the defendant would purchase the land from the plaintiff for one thousand eight hundred dollars per acre; one quarter of the purchase price was to be paid down, and the other three quarters were, by the terms of the contract, to be paid respectively six, ten, and fourteen months from the date thereof.

Defendant paid the first and second installments, but refused to pay the third and fourth, amounting to forty-three thousand two hundred dollars. Demand was made for the payment of these installments, and a deed to the property was duly tendered the defendant, but defendant declined to accept the deed or to pay the amount demanded.

The contract was not dated, although the provisions relating to the deferred payments therein provided for assume that it was.

Under the terms of the contract, defendant was entitled to take possession of the property, but never did so.

The complaint is in two counts, one to recover the aforesaid sum of forty-three thousand two hundred dollars, and interest; and the other to reform the contract so as to insert the date thereof, which is alleged to have been inadvertently omitted. Defendant, in addition to answering, filed a cross-complaint, by which it sought the return of the money paid by it, upon the ground that there was a total lack of consideration for the making of the contract upon its part, and also that the plaintiff had never been bound by the contract for the reason that its officers who signed it on behalf of the company were not authorized so to do.

Three of defendant's points are based upon the theory that the action is exclusively one for specific performance of the contract. Plaintiff, on the other hand, in answer to these points asserts that it has stated in the complaint the facts of

the case, and that while under them the action may be treated as one for specific performance of the contract, nevertheless, as it is only seeking to recover the amount due to it by the terms of the contract, it is a mere action of debt.

If plaintiff is right in this regard, these three points urged by defendant need not be considered. But defendant contends that, it never having taken possession of the property, the action cannot be regarded as one in debt; for to so consider it would, if the plaintiff recovered, permit it to retain possession of the property and to recover also the purchase price. In other words, that the instrumentalities of the law, as distinguished from equity, are powerless to afford complete relief.

This proposition seems not to have been squarely decided in this state; and as the exigencies of this case do not require decision of this point, it will be needless for us to discuss it. Regarding the action, therefore, as one for specific performance, we pass to a consideration of defendant's points. They are:

1. That the land sold by plaintiff to defendant was wholly ruined by percolating water at the time the contract was made, or that ruin from such cause is impending; that therefore there is either a total lack of consideration, or such a serious diminution in value as will render the contract unenforceable in equity.

2. The plaintiff proved that, not only at the time the contract was made, but at the time the suit was commenced and also at the time of the trial, the land was worth the contract price, and that consequently the enforcement of the contract by a court of equity will not benefit the plaintiff, but on the other hand will annoy and harass the defendant—in which event specific performance, being a matter not of right but of discretion, should be denied.

3. This point is based upon the theory that the plaintiff proved only the market value of the land, and that in cases of undeveloped mines or oil land, the intrinsic value must be shown; that plaintiff did not show it, and therefore it has not proved adequacy of consideration, and cannot be granted the relief sought.

Taking up these points in their order—it is sufficient to say as to the first point that while a portion of the testimony of

one of the witnesses might be construed as sustaining the contention of the defendant, it is clear that the rest of his testimony, as well as the testimony of all the other witnesses, is to the effect that the land in the' oil market, from the date of the making of the contract down to the time of the trial, covering a period of more than two years, was amply worth the contract price.

In making the second point it would seem that counsel for defendant is inconsistent, for in urging the first point he insists that the land is worthless, or will be in the near future, and that consequently there is such a failure of consideration as will make the contract unenforceable; while in urging this point he is forced to admit that there is testimony in the record tending to show that the land is worth all the defendant agreed to pay for it. However, there is no merit in the position. This is not a case where the defendant could be injured and no benefit be derived by plaintiff; and there is no citation of authority, nor can there be, to sustain the theory that merely because the land may be sold on the market for the contract price, plaintiff will be denied specific enforcement. If there were any force in this attitude there would be no such action as specific performance by the vendor of real property, for if the consideration were adequate there could be no recovery, nor could there be any recovery under the code in case it were inadequate.

As to the third point, it is sufficient to say that the market value was the proper test of value of the land. (*San Diego Land Co.* v. *Neale,* 78 Cal. 63, [3 L. R. A. 83, 20 Pac. 372]; *Arcata etc. R. R. Co.* v. *Murphy,* 71 Cal. 122, [11 Pac. 881]; *Jacksonville & S. E. R. R.* v. *Walsh,* 106 Ill. 253; *Dupuis* v. *Chicago & N. W. Ry.,* 115 Ill. 97, [3 N. E. 720]; *Little Rock, J. Ry.* v. *Woofruff,* 49 Ark. 381, [4 Am. St. Rep. 51, 5 S. W. 792]; *Low* v. *Railroad Co.,* 63 N. H. 558, [3 Atl. 739]; *Searle* v. *Lackawanna R. R.,* 33 Pa. St. 57.) But even if this were not true, and plaintiff was required, as claimed, to show the intrinsic value, still there would be no merit in defendant's contention, for as a matter of fact there is evidence in the record to support the finding on this theory also.

Through an oversight the parties neglected to date the contract; and the defendant contends that the court committed error in permitting the contract to be reformed on the show-

ing made, by inserting the date on which it was executed. The contract was made and entered into on the thirteenth day of November, but defendant, if we follow his argument, asserts that the parties merely neglected to agree upon a date, and that it is only when parties have actually agreed in their oral negotiations upon the date when a contract shall take effect, or upon other essential features thereof which have been omitted from the written contract, that it will be reformed; that to reform a contract when the parties have failed to address their minds to the omitted provision would be in effect to make a contract for the parties, which of course is outside of the province of courts.

The evidence abundantly shows—and the court goes no further than to find—that the contract was in fact made on the thirteenth day of November, 1909, and intended to bear that date. It is clear that the failure to insert the date in the contract was a mutual mistake, the result of inadvertence and "unconscious forgetfulness" (Civ. Code, sec. 1577), under which circumstances the trial court was not only warranted but compelled to decree reformation. (*House* v. *McMullen*, 9 Cal. App. 664, [100 Pac. 344]; *Los Angeles* v. *New Liverpool Salt Co.*, 150 Cal. 21, 27, [87 Pac. 1029]; *Owsley* v. *Matson*, 156 Cal. 401, [104 Pac. 983]; 24 Am. & Eng. Ency. of Law, 648.)

The resolution of the board of directors of the plaintiff authorized its president and secretary to enter into a contract for the sale of the property here involved to the defendant, and bestowed upon them the discretion of fixing the terms and conditions thereof. The sale of the property embraced all the assets of the company; and it is the contention of the defendant that the board of directors thus delegated to the officers named "the exercise of fundamental and basic powers outside of the ordinary course of business of the corporation, which involved the employment of discretion"; that therefore the attempted delegation of authority was void, as also the acts of the president and secretary done by virtue thereof; and moreover that nothing done by the parties thereafter could or did remedy this defect in the transaction.

Assuming, without deciding, that this was a void delegation of power, still we have no doubt that the contract was sub-

sequently ratified by the corporation. It is not disputed that the resolution prior to its adoption was submitted to and approved by the attorney for the defendant, and that up to the time of the commencement of the suit both parties assumed and acted under the contract as though its validity was without question. Nor is it denied that the contract was signed by the president and secretary at a directors' and stockholders' meeting in the presence of the directors. Moreover, just before filing this suit the board of directors of the plaintiff passed a resolution expressly ratifying the sale, and caused a tender of a deed to the property to be made to the defendant. Later and after suit had been commenced the defendant attempted to rescind the contract, and demanded the return of the installments previously paid. We think this repudiation of the contract by the defendant came too late. We cannot subscribe to the doctrine relied upon by the defendant—and which finds support in a few cases—that there could be no ratification of the agreement by one of the parties without the consent of the other. Perhaps it is true that if the defendant had rescinded the contract before it was ratified, the defendant would be free from its obligations, but it did not do so. The weight of authority and the cases in this state hold that the act of an unauthorized agent may be ratified before the other party to the contract repudiates it. (31 Cyc., 1291; Huffcut on Agency, p. 53; *Salfield* v. *Sutter,* 94 Cal. 546, [29 Pac. 1105]; *San Francisco Clearing House* v. *MacDonald,* 18 Cal. App. 212, [122 Pac. 964].)

The notices of the special meetings of the board of directors of November 13, 1909, and January 14, 1911, did not state the object of the meetings; but the position of the defendant that the meetings were not valid on this account cannot be maintained, for it "appears to be the settled law of this state that a notice of a special meeting need not specify the object of the meeting." (*Seal of Gold Mining Co.* v. *Slater,* 161 Cal. 621, [120 Pac. 15]; *Bell* v. *Standard Quicksilver Co.,* 146 Cal. 699, 705, [81 Pac. 17]; *Granger* v. *Original Empire M. & M. Co.,* 59 Cal. 678.)

The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 5, 1914, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 6, 1914.