[Civ. No. 3482.  First Appellate District, Division Two.—November 29, 1920.]

GUY MALTBY, Respondent, v. J. CONKLIN, Jr., et al., Appellants.

[1] VENDOR'S LIEN—CONTRACT OF SALE—RESERVATION OF TITLE—AB-SENCE OF WAIVER.—A vendor's lien is not waived by entering into a contract of sale which provides that the title to the property is to remain in the vendor until the full purchase price is paid, since such a lien does not exist until the vendor has parted with title.

[2] ID.—CONVEYANCE WITHOUT PAYMENT OF CONSIDERATION—WAIVER OF EXPRESS LIEN.—Where a vendor, after entering into a contract of sale wherein he reserved the title until the full amount of the

1.   Waiver of vendor's lien, note, 137 Am. St. Rep. 185.

purchase price was paid, made a conveyance to the grantee without payment of the consideration, he thereby waived his express lien but did not waive his vendor's lien.

[3] ID.—EXISTENCE OF LIEN—REBUTTAL OF PRESUMPTION.—A lien is presumed to exist and is an incident of the transaction of sale in all cases unless the intention of the vendor that it shall not exist be clearly manifested by his acts or declarations, and the burden of proof is upon the vendee or his successors to show such intention.

[4] PLEADING—AMENDMENTS—DISCRETION.—The permitting or refusing of amendments to pleadings is a matter within the sound judicial discretion of the trial court, and they are only allowed in furtherance of justice.

APPEAL from a judgment of the Superior Court of San Diego County. S. M. Marsh, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. C. Wilde for Appellants.

W. R. Andrews for Respondent.

LANGDON, P. J.—This is an appeal by the defendants Lorenzo F. Miller, Hattie E. Miller, A. G. Wilde, and Mark Wilde from a judgment for plaintiff. The action was brought to have ascertained the amount of the purchase price due to plaintiff from defendants J. Conklin, Jr., and Sara Conklin for certain real property in San Diego, and to have said amount declared a lien upon the said premises; also to have whatever interests the defendants, other than the Conklins, might have in the property declared to be subsequent and subject to the said lien of plaintiff. Plaintiff also prayed for a sale of the property under his lien, and for general relief.

The facts of the case are: On May 11, 1915, plaintiff entered into a contract with the defendants Conklin under which it was agreed that plaintiff would sell to said Conklins lot 11 in block 17, Ocean Beach, San Diego, for the sum of $752.05. A copy of this contract is attached to the complaint. It contains the provisions above mentioned and the further provision that the title to the property is to remain in the vendor until the full purchase price is

paid, and that a deed to the property executed by plaintiff should be placed in the hands of an escrow-holder with instructions to deliver the same to defendants Conklin upon the payment of all installments of the purchase price; but in the event of default in any particular by said defendants the deed to be returned to the vendor and the purchase contract canceled. In pursuance of said contract, plaintiff executed the deed provided for therein, and placed the same, together with the contract of purchase and sale with the escrow-holder. Plaintiff also placed the defendants Conklin in possession of the property. On September 23, 1916, while Conklins were in possession of the property, and with no further payment than the initial payment of ten dollars, plaintiff delivered to defendants Conklin a deed to said property. No further payments were ever made upon the purchase price. It is further alleged that the purchase price has not been secured to plaintiff otherwise than by the personal obligation of the Conklins. It was alleged that the defendants Miller acquired the property without consideration, and with full knowledge of plaintiff's lien and claim for the purchase price thereof, and that the other defendants Wilde acquired their interest under a deed of trust, with full knowledge of all the facts.

[1] The first contention of appellants is that the demurrer to the complaint should have been sustained as the complaint does not state a cause of action. This is based upon the argument that it appears by the complaint that the vendor's lien upon the premises was waived by the agreement contained in the contract to retain the title to the property as security for the payment of the purchase price, and that this lien having been once waived could never be revived again by relinquishing the security so provided to be retained. Therefore, appellants argue, when a deed was actually given to the Conklins by the plaintiff, without the payment of the purchase price, the plaintiff was merely waiving the security which he had reserved to himself in lieu of the vendor's lien, and, consequently, he was left with no security whatever—neither the vendor's lien nor the lien reserved by the written contract. We think there is no merit in this contention. The foundation of the doctrine as to the lien of a vendor is in the general principles of equity and moral justice that a person who

has acquired the estate of another ought not in conscience, as between them, to be allowed to keep it and not pay the consideration money. (*Selna* v. *Selna,* 125 Cal. 357, [73 Am. St. Rep. 47, 58 Pac. 16].) So long as the vendor retains title, he has an express lien for unpaid purchase money. (*Avery* v. *Clark,* 87 Cal. 619, [22 Am. St. Rep. 272, 25 Pac. 919].) A vendor's lien does not exist until the vendor has parted with title. (*Avery* v. *Clark, supra,* p. 625.) It is apparent that one cannot impliedly waive a right before such right exists. In the present case, when the contract was made for the sale of the property, reserving the title in the vendor until full performance by the vendee, there was as yet no equitable vendor's lien in existence because the title had not yet been conveyed; that being true, the vendor did not by entering into this contract, waive his vendor's lien. The law implies no lien from a mere contract to pay the purchase money; and where the vendor has title, he has it without any occasion for a lien. (*Vance Redwood Lumber Co.* v. *Durphy,* 8 Cal. App. 664, 671, [97 Pac. 702].) It was not until later when he transferred to the defendants the legal title, without payment of the consideration, that the law created for him a vendor's lien. (Sec. 3046, Civ. Code; *Dingley* v. *Bank of Ventura,* 57 Cal. 467, 471; *Tripp* v. *Duane,* 74 Cal. 85, 91, [15 Pac. 439].) The complaint sets out no transaction occurring subsequent to the time of the creation of the equity of the vendor's lien which indicates a waiver of such lien.

A situation somewhat similar to that presented by the present case was considered in the case of *Finnell* v. *Finnell,* 156 Cal. 589, at page 597 thereof. [134 Am. St. Rep. 143, 105 Pac. 740]. In that case it appeared that the vendor had at first demanded a mortgage from the vendee as security for the unpaid purchase price, but later withdrew that demand and conveyed to the vendee without such security being given him. The court said in discussing this matter: "The fact that plaintiff asked his father to give a mortgage as security for the balance of the purchase money and that his father declined to do so certainly does not show any disposition on plaintiff's part to waive any security given him by the law. It shows, on the contrary, that he did desire to obtain, if possible, a written

contract of security, and the utmost shown by the subsequent willingness to convey without obtaining this is that he withdrew his demand for such a contract, not that he waived anything given him by the law.'' Likewise, in the present case, the transaction shown in the complaint indicates that the plaintiff abandoned his right to have an express lien upon the property, but does not indicate that he also relinquished the less valuable right of a vendor's lien. As stated by the court in *Sparks* v. *Hess*, 15 Cal. 194, in the case of a vendor's lien, the vendor has parted with the legal and equitable title, and possesses only a bare right, which is of no operative force or effect until established by the decree of the court; while in a case of retention of the legal title as security for the purchase money, the vendor's position is in some respects similar to what it would have been had he executed a conveyance to the vendee and taken from him a mortgage upon the property. A vendor retaining the title may sue at law for the balance of the purchase money, or file his bill in equity for the specific performance of the contract, and take an alternative decree that if the purchaser will not accept the conveyance and pay the purchase money, the premises shall be sold to raise the money and that the vendee shall pay any deficiency remaining after the application of the proceeds arising upon such sale.

[2] It therefore appears that the express lien which the plaintiff was entitled to insist upon under the contract was a larger right than the implied vendor's lien. By a conveyance of the property without payment of the consideration, plaintiff waived this larger right, but certainly he did not thereby waive the lesser right to a vendor's lien. We are of the opinion, therefore, that the complaint states a cause of action against the defendants.

The evidence and findings show that the appellants, Lorenzo F. Miller and Hattie E. Miller, his wife, received the property without consideration and with full knowledge of the transaction between the plaintiff and his vendee, Conklin. The record shows that Lorenzo F. Miller was a brother of Sara Conklin, wife of the plaintiff's vendee. When the Conklins left the state of California, Miller undertook to dispose of this parcel of land together with the improvements thereon, and to pay the plaintiff the amount

due upon the purchase price. This clearly appears from the correspondence between the parties and from the findings of the court. For this purpose, Miller asked that the legal title to the property be conveyed to him so that he might execute a deed to a purchaser, which he claimed to have found. Solely for this purpose a deed was sent to him conveying the property to him. No consideration was paid for the execution of this deed, and Miller was instructed not to record the same unless the anticipated sale could be consummated. He, however, did record the deed, making himself the record owner. He never consummated any sale, but later executed a deed of trust upon the property for $235, in favor of the defendants Wilde, to secure a loan which he obtained from them upon the property. At the time he secured this loan he represented to the Wildes that he was the absolute owner of the property, and the court has found that the Wildes had no notice of the real facts and were *bona fide* encumbrancers for value without notice.

Because of this finding, the Wildes are protected in the decree and are given a lien for the full amount of their loan with interest, which lien is, by the decree, made superior to the lien of the plaintiff. The Wildes are fully protected to the extent of their interest, and the decree provides for the payment to them of the full amount due them before the plaintiff can enforce his lien upon the property. We cannot see, therefore, how they have any equitable standing here to urge the many technical objections which appear in their brief. And as for the Millers, as found by the trial court, and stated most forcefully by said court in rendering its decision, they have no standing whatever in a court of equity. They never had any rights in the property; they are entitled to nothing, and their conduct, as disclosed by the record, precludes them from receiving any consideration in an action of this kind.

The vendees, J. Conklin, Jr., and Sara Conklin, did not contest plaintiff's claim of lien. They defaulted in the trial court and have not appealed from the judgment. Lorenzo F. Miller held merely the bare naked title to the property for a specific purpose. He never had any equitable title to the property, and the agreement under which he was given the legal title was for the benefit of the plaintiff,

and Miller violated this agreement. The other defendants (A. G. and Mark Wilde), as before stated, have been protected by the decree to the extent of the money advanced by them.

[3] There is one other matter urged by appellants which we shall discuss briefly. Upon the cross-examination of the plaintiff, the attorney for Miller and Wilde brought out the fact that the reason the transfer of the legal title to the property had been made by the plaintiff to Conklin before the payment of the full purchase price was that plaintiff, at the time of said transfer, was involved in a law suit, and wished to divest himself of title to the property to avoid payment of any judgment that might be obtained against him. Appellants urge that it appears from the evidence that, in pursuance of this design, plaintiff deeded to Conklin the property in controversy, and also another piece of land, and took a note secured by a mortgage upon both parcels of land, as payment therefor. He never intended to, and never did, put this mortgage upon record, and never enforced nor relied upon the same. Appellants urge that this acceptance of the mortgage deprived plaintiff of his vendor's lien. However true this would be as an abstract proposition of law, there are several reasons why appellants' contention is without merit upon the record before us here. First, appellants, under the facts shown here, are not concerned with the motives of plaintiff in deeding his property to Conklin without the full payment of the consideration. They are not his creditors nor his grantees, and have no interest in the property, save and except the interest of Wilde in the sum of $235, which has been fully allowed in the decree. Furthermore, appellants did not plead a waiver of the plaintiff's lien, and the evidence regarding the note and mortgage, relied upon by appellants to establish a waiver, was admitted over the objections of the plaintiff. A lien is presumed to exist and is an incident of the transaction of sale in all cases unless the intention of the vendor that it shall not exist be clearly manifested by his acts or declarations, and the burden of proof is upon the vendee or his successors to show such intention. (*Finnell* v. *Finnell, supra; Sclna* v. *Selna, supra.*) The trial court denied the motion of appellants, made at the close of the trial and argument, to amend their plead-

ings so as to set up the alleged waiver. In denying this motion the trial judge stated that the amendment was objected to, and in view of the default of the Conklins, the vendees, and the evidence regarding the interests and equities of the other parties before the court, the allowance of such an amendment would not be in furtherance of justice.

[4] The permitting or refusing of amendments to pleadings is a matter within the sound judicial discretion of the trial court. (*Cheney* v. *O'Brien*, 69 Cal. 199, [10 Pac. 479]; *Walsh* v. *McKeen*, 75 Cal. 519, [17 Pac. 673]; *Fitzgerald* v. *Neustadt*, 91 Cal. 600, [27 Pac. 936]; *Trower* v. *City and County*, 157 Cal. 762, 769, [109 Pac. 617].) Amendments are only allowed in furtherance of justice. (Sec. 473, Code Civ. Proc.; *Kirby* v. *Superior Court*, 68 Cal. 604, 606, [10 Pac. 119].)

And this discussion of the equity and justice of the situation presented by the record leads us to a compelling reason for the affirmance of the judgment. It is that an examination of the entire record convinces us that no injustice has been done any of the appealing defendants, and that full and substantial justice has been done between the parties. To reverse this judgment would be to override all of the equities apparent in the record, and to make mere technicalities and obvious subterfuge prevail over right and justice.

The judgment is affirmed.

Brittain, J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 27, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court, after decision by the district court of appeal of the first appellate district, division two, is denied.

In denying a hearing, we desire to say that we do not agree with any possible intimation, if there be such, in the opinion of the district court of appeal that the taking by the plaintiff of the unrecorded mortgage was not a waiver of any vendor's lien. But such waiver was not pleaded and the trial court was justified in refusing the defendants

leave to amend for the purpose of pleading it. If such leave had been granted, the only result would have been to show merely that the plaintiff had 'a mortgage lien instead of a vendor's lien. The final result, in other words, would have been exactly the same.

All the Justices concurred, except Sloane, J., who was absent.