WILLIAM M. BENNETT et al., Respondents, v. EWALD STEINMAN et al., Appellants.

Sprague & Sparks and Richard W. Sprague for Appellants.

Vernon P. Spencer and Philip H. Harris for Respondents.

SHINN, Acting P. J.—This is an appeal by defendants from a judgment requiring them to convey to plaintiffs a parcel of real property for a consideration of $8,500, pursuant to a written contract between the parties.

The agreement was in the form of escrow instructions to Broadway State Bank, dated December 10, 1945, which were duly executed by plaintiffs and defendants, respectively the buyers and the sellers. Under plaintiffs' instructions the purchase money was to be used by the bank "provided within 30 days you can cause to be issued, a Pol. of Title Ins. by T. I. & T. Co." showing title vested in the buyers free of encumbrances except second half taxes and personal property tax against former owners, conditions, restrictions, reservations and rights of way of record, and the purchase was contingent upon the buyers being able to borrow $5,000 on the property. The sellers' instructions approved the foregoing conditions, stated that defendants would furnish a deed to be delivered on payment of $8,500, from which the bank was instructed to pay Pacific Mutual Life Insurance Company its demand for the release of an existing trust deed upon which there remained unpaid $2,800. There was a provision in the instructions, agreed to by both parties, that if the escrow could not be closed within 30 days the escrow holder nevertheless was

to complete the same as soon as the conditions had been complied with, unless either the buyers or sellers should have made written demand for the return of the money or the instruments deposited by them.

Plaintiffs, the buyers, were required (1) to pay into escrow $8,500, and (2) to execute whatever documents might be required in connection with the proposed loan of $5,000. Defendants, the sellers, were required to hand in their deed and to procure a reconveyance of the trust deed which secured the Pacific Mutual loan. The instructions were later amended by joint action of the parties. The amendment recited that time had been lost by the "Federal Housing" in getting access to the property for inspection in connection with the proposed $5,000 loan and provided that the "escrow time limit" was extended to February 10, 1946, and that $2,000 should be paid out of the escrow to defendants on account of the purchase which was to be returned to plaintiffs or secured if plaintiffs were unable to obtain a $5,000 loan on the property.

Plaintiffs were successful in negotiating the new loan with Pacific Mutual, and they caused to be placed in the escrow $8,500, consisting partly of their own funds and partly of funds of Pacific Mutual, consisting of the difference between $2,800 still unpaid on defendants' loan and the $5,000 new loan being made to plaintiffs. Plaintiffs also executed their promissory note and trust deed for $5,000 with Pacific Mutual as payee and beneficiary, and Pacific Mutual executed a request for reconveyance addressed to the trustee under defendants' trust deed. Defendants placed in escrow their deed. The bank, as escrow holder, according to custom, forwarded to Pacific Mutual plaintiffs' note for $5,000 and forwarded to Title Insurance & Trust Company defendants' deed and plaintiffs' trust deed, securing the $5,000 note, and also a request for reconveyance under defendants' trust deed with instructions to record the same with the deed and new trust deed when title could be shown in plaintiffs. Defendants' trust deed and note which were being paid off also were sent to the title company. All of these documents were in order and were forwarded on February 8, 1946. Due to February 10 falling on Sunday, the time for completion of the escrow expired February 11. The documents were not filed by the title company on February 11, or at all. On that date defendants gave written notice that the escrow was cancelled, demanded and received the return of their deed, and plaintiffs'

money was refunded to them. It is therefore clear that the only document that had not been executed prior to February 11 was the reconveyance of defendants' property as had been requested in writing by Pacific Mutual. The trustee under this deed of trust, as executed in 1942, was Title Guarantee & Trust Company. The note and trust deed were sent to Title Insurance & Trust Company for cancellation, and we assume that the parties understood that Title Guarantee & Trust Company is now one and the same with Title Insurance & Trust Company.

It would thus appear that plaintiffs, as the buyers, had within the specified time done and performed all that was required of them by their agreement of purchase and that defendants had done all that was required of them except to see to it that a reconveyance was executed and made available for recording in order that they might furnish title free and clear of the encumbrance of their trust deed. They had obtained from Pacific Mutual a request for reconveyance but they had not caused to be placed in the escrow the reconveyance itself. Naturally, there was no necessity that this document be delivered into the escrow, since Title Insurance & Trust Company was to act as the recording agent and would have been expected to execute and record the reconveyance as trustee. Under these circumstances the title company was the only one called upon or which could act in the execution of the reconveyance and the recordation of the instruments which would have completed a transfer of title.

The bank was the agent of both parties in acting as escrow holder for consummation of the transaction pursuant to the agreement and instructions of the parties. The law on this point is well settled. When plaintiffs' money and defendants' deed were deposited in the escrow the bank became the agent of both parties with respect to the money and the deed. (*Shreeves* v. *Pearson*, 194 Cal. 699, 707 [230 P. 448]; 10 Cal. Jur. p. 587.) This dual agency would exist until the conditions of the escrow had been fully met, although if that event had occurred, the escrow holder would have become agent or trustee of the buyers alone with respect to the deed, and of the sellers with respect to the money. (*Orloff* v. *Metropolitan Trust Company*, 17 Cal.2d 484 [110 P.2d 396]; *Crum* v. *City of Los Angeles*, 110 Cal.App. 508, 515 [294 P. 430].)

When defendants approved plaintiffs' instructions which called for a clear title, with specified exceptions, they assumed an obligation to pay their trust deed note and to pro-

cure a reconveyance of the property by the trustee. The escrow holder could not close the escrow until this condition had been met, and consequently continued to act for both parties in its capacity as agent. It appointed the title company as its agent to do the recording necessary to enable it to issue a policy showing title in plaintiffs. The title company, in the mere matter of recording the reconveyance, the deed and the new trust deed, was the agent of the escrow holder and consequently in this respect was acting in the interests of both the buyers and the sellers. The responsibility for any delay in recording the instruments rested no more upon the buyers than upon the sellers. However, if the delay in recording was due to the failure of the title company to promptly execute the reconveyance, as between plaintiffs and defendants, the responsibility rests upon the latter, since it was their duty to furnish that instrument in order to clear their property of the lien of the trust deed. Plaintiffs had no duty with respect to this matter.

It seems clear under the foregoing facts that since plaintiffs fully performed the agreement upon their part, defendants cannot justify their refusal to complete the transaction. We might observe further, that the agreement did not call for recordation of the instruments nor the issuance of the policy within the time stipulated in the instructions. The title company reported on December 28, and again on January 10, that the title was such as to enable it to issue its policy in accordance with the instructions, upon the sole condition that the record be cleared of defendants' deed of trust in favor of Pacific Mutual. There were certain rights of way appearing of record but these were not in conflict with the buyers' instructions.

The briefs are largely devoted to a discussion of certain findings which we deem to be immaterial to a proper determination of the appeal. Under the amended instructions defendants withdrew $2,000 from the escrow, but on February 7, Mr. Steinman returned this sum to the escrow and at the same time gave written notice to the bank to take no further action in the escrow until further notification by him. Upon the following day he withdrew this notice. The escrow officer testified that because of this notice he withheld instructions to the title company until the following day when, as already stated, the documents were forwarded to the title company with instructions to record them. The court made findings to the effect that the giving of the notice by plaintiff delayed

the forwarding of the documents to the title company and that by reason of this delay the escrow holder was prevented from closing said escrow in the ordinary course of business on or before February 11, 1946. Defendants contend that the evidence does not support these findings for the reason that there was no evidence that the title company would have recorded the instruments on February 11 if they had been sent to it on February 7, instead of February 8. It is true that there was no explanation of the fact that the instruments were not recorded on or before February 11, although, as already noted, that date fell on Monday, and the instruments were not mailed until the preceding Friday. It is unnecessary to decide whether this evidence warranted an inference that with one additional day's notice the title company would have caused the instruments to be recorded. As we have seen, the responsibility for the delay rested upon defendants, regardless of the delay caused by the notice given the bank on February 7 by Mr. Steinman.

We think we should add that we do not hold that defendants were in default in performance of their obligations under the escrow agreement. Within the time limited by the agreement they caused to be deposited with Title Insurance & Trust Company, successor trustee, their deed of trust, note and request for reconveyance, the title company being also the recording agent under appointment by the bank. We do not decide whether this constituted full performance by defendants. We do hold that there was full performance by plaintiffs and that their right to enforce performance by defendants thereupon became absolute.

The judgment is affirmed.

Wood, J., and Vallée, J. pro tem., concurred.

A petition for a rehearing was denied April 15, 1948, and appellants' petition for a hearing by the Supreme Court was denied May 20, 1948.