[S. F. No. 15155.   In Bank.—September 25, 1935.]

## CHARLES LANTHIER, Respondent, v. IVAN WHARTON, Administrator, etc., Appellant.

James Snell and Chester E. Ross for Appellant.

John T. Lewis for Respondent.

LANGDON, J.—This is an action to enforce an agreement involving a water right.  In 1929, C. W. Wharton was the owner of a piece of land in San Benito County, on which he had partly constructed a dwelling house, and had installed a well, equipped with a pump and motor.  Negotiations were commenced by plaintiff to purchase a portion of the land including the house, but not including the part on which the

well was located. Plaintiff declared that he would not buy the property unless he could get water for domestic purposes, and the parties, thereupon, contemporaneously with the execution of the deed, entered into an agreement providing as follows:

''For and in consideration of the promises hereinafter contained and for other valuable consideration, party of the first part agrees to allow the party of the second part to connect on his pipe-line and to use water from his well for domestic purposes; and the party of the second part agrees to pay to the party of the first part his share of all electricity, also to pay one-third of the expense of the upkeep of the motor and pump. It being mutually agreed between both parties that this agreement covers only the present well upon the party of the first part's premises. It being mutually agreed and understood between both parties that at any time the party of the second part wishes to discontinue the using of the water from said well, he may do so by giving a release . . . ''

Plaintiff then proceeded to occupy the land, connected to the pipe-line, and used the water regularly for domestic purposes. Wharton charged him 50 cents per month for the electricity, raising it subsequently to 75 cents per month. In 1931 Wharton died and defendant, his administrator, raised the charge to $1.25 per month. In February, 1933, defendant disconnected the pipe-line, and refused to permit the further taking of water. Plaintiff then brought this action. The lower court concluded that the agreement set forth above created an easement in favor of plaintiff's land to the use of the water, and permitted an amendment of the complaint to conform to proof, by description of the dominant and servient tenements. Judgment was entered for plaintiff in language which followed that of the agreement.

Defendant's chief contentions on appeal are that the agreement did not purport to create an easement, being intended merely as a personal obligation of Wharton; and that in any event the agreement was too uncertain as to the amount of water and the purposes of its use, to be enforced. The judgment is likewise attacked for uncertainty.

In our opinion the judgment of the lower court was correct. The intention of the parties to make the transfer of the property conditional upon the assurance of a water right is entirely clear. The land from which the water was to be

taken and the land on which it was to be used are likewise clearly specified; and the particular well and pipe-line were identified in the agreement. The use of the water is expressly limited to domestic purposes. ▇ To the objection of defendant that it does not specify the size of the lead pipe, the exact quantity of the water, the manner in which the electricity is to be furnished or paid for, etc., it may be observed that the parties were not required to set forth in meticulous detail provision for every question that might arise in the operation of the agreement. They were satisfied to measure the amount of water by the domestic requirements of the building conveyed, instead of by a fixed amount. Provisions similarly general have been held enforceable. (See *Clyne* v. *Benicia Water Co.,* 100 Cal. 310 [34 Pac. 714] ; *Henrici* v. *South Feather L. & W. Co.,* 177 Cal. 442 [170 Pac. 1135] ; *Newell* v. *Redondo Water Co.,* 55 Cal. App. 86 [202 Pac. 914].)

The judgment is affirmed.

Shenk, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.