[Civ. No. 16412.   First Dist., Div. Two.   Oct. 21, 1955.]

CARLO PORTO et al., Appellants, v. ELVEZIO VOSTI et al., Respondents.

Raymond W. Shelloe, Sisti Segretti, Jr., Robert E. Hayes and David Smith for Appellants.

J. T. Harrington for Respondents.

DOOLING, J.—This is an appeal by plaintiffs from a judgment rendered against them in an action brought to partition two wells and pumping plants.

Appellants Carlo and Ida Porto, husband and wife, are the owners of a ranch consisting of approximately 150 acres. This property adjoins approximately 90 acres of land owned

by respondents Elvezio and Andreina Vosti, also husband and wife. The two water wells with which this action is concerned are located on the dividing line between the two properties. The first of these wells (with a 50-horsepower pump) was installed in 1947. The second well (with a 60-horsepower pump) was installed in 1950. By this action appellants sought to have the 60-horsepower well and pump set aside to them along with the sum of $1,270.04. They asked that the other well and pump be allotted to respondents.

As part of their answer respondents set forth copies of two agreements entered into by the parties to this action. These agreements dated December 10, 1947, and February 12, 1951, set forth the terms under which the initial cost and the cost of repairs and replacements were to be borne by the parties and state the respective interests of the parties in the wells and pumping plants. Under the agreement dated December 10, 1947, the land ownership of both parties was recited; it was then stated that the parties had jointly drilled a well on the boundary line between their properties and equipped it with a pumping plant at a total cost of $6,561.70; it was agreed that this well and pumping plant was to be used as a source of water for irrigation purposes on the land of each party; it was further agreed that respondents should pay 38.23 per cent of the total cost of the well and pumping plant and that appellants should pay 61.77 per cent of this total cost; the interest of both parties in the well and pumping plant was stated to be the same as their proportionate share of the total cost of the well and pumping plant; the parties agreed that the cost of all repairs or replacements required should be borne by them in proportion to their respective interests, respondents to pay 38.23 per cent and appellants 61.77 per cent of the costs of all repairs and replacements; all electrical service charges were to be paid by the parties in proportion to their respective interests each party should pay for the actual power consumed by him in the operation of the pumping plant. The right to use the water was governed by the following paragraph:

"(3) The parties hereto shall have the right to use said well and pumping plant on a proportion basis as fixed by their interest in said well and pumping plant and in the event the parties hereto require water from said pumping plant at the same time, said water shall be prorated on the basis of weekly periods and first parties shall be entitled to the use of said well and pumping plant for 38.23% of the

week and second parties shall be entitled to the use of said pumping plant for 66.77% (the context shows that this figure should be 61.77) of the week." The agreement closed with the statement that:

"(4) It is expressly understood and agreed that the covenants hereof are expressly made for the benefit of the lands of the respective parties hereto and each of the parties hereto expressly make said covenants for their assigns and for the assigns of the other parties hereto."

The agreement dated February 12, 1951, is in all material respects similar to the one set forth above.

The trial court concluded that appellants were not entitled to the relief sought and gave judgment for respondents.

Appellants' main point on appeal is that one tenant in common has an absolute right to the partition of the common property despite whatever hardship may be worked on the other cotenant thereby. (*De Roulet* v. *Mitchel,* 70 Cal.App.2d 120 [160 P.2d 574].) This argument assumes that the only legal rights existing in the parties by virtue of the two agreements are those of ownership in cotenancy of the two wells and their appurtenances. But by the agreements of the parties something more than an ownership of the two wells in cotenancy was created. Impressed upon the wells so owned in common was an easement appurtenant to the separate property of each for the use of a certain proportion of the water produced by each well upon such separate property as the dominant tenement.

■ It is clear that an agreement such as these, giving the right to use a portion of the water produced by a well upon described real property, particularly where, as here, it is expressly stated that "the covenants hereof are expressly made for the benefit of the lands," creates an easement. (*Lanthier* v. *Wharton,* 4 Cal.2d 354 [49 P.2d 278]; 26 Cal. Jur., Waters, § 416, p. 211; Civ. Code, § 801, subd. 5.) It is no obstacle to the existence of such easement that the owner of the dominant tenement is also the owner of an undivided interest in the servient tenement. (*Cheda* v. *Bodkin,* 173 Cal. 7, 16-17 [158 P. 1025]; *Smith* v. *Roath,* 238 Ill. 247 [87 N.E. 414, 128 Am.St.Rep. 123]; *Blanchard* v. *Maxson,* 84 Conn. 429 [80 A. 206]; *Dority* v. *Dunning,* 78 Me. 381 [6 A. 6].)

■ Since respondents have an easement appurtenant to their land entitling them to use thereon 38.23 per cent of the water from each well what appellants really sought in

this action was to terminate such easement in one of the wells under the guise of partition. That this could not be done is clear, as the easement appurtenant to respondents' separate property is likewise their separate property and could not be the subject of partition in this action.

There can be no question of an illegal restraint on alienation, as argued by appellants. The easements are freely alienable with the lands to which they are appurtenant, and the wells are also freely alienable subject to the easements to which they are servient.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.