[Civ. No. 6870. Fourth Dist. May 7, 1962.]

CITY OF RIVERSIDE, Plaintiff and Appellant, v. ROSEMARY DEMSKI KRAFT et al., Defendants and Respondents.

Leland J. Thompson, City Attorney, John Woodhead and Justin M. McCarthy, Assistant City Attorneys, for Plaintiff and Appellant.

John L. Roberts for Defendants and Respondents.

SHEPARD, J.—This is an appeal by plaintiff from a judgment in an action in eminent domain.

## FACTS

Plaintiff, in the process of widening one of its streets named Arlington Avenue, brought this action seeking to take 32 feet in depth from the front of seven parcels of residence property. During trial, over the objection of plaintiff the trial court caused the jury to view the premises. There was received in evidence over the objection of plaintiff the testimony of a nurseryman as to the cost of moving or replacement of shrubs necessarily required to be relocated in house moving on land not taken and the fair market value of trees, shrubs and flowers on the land taken.

## VIEWING THE PREMISES

Plaintiff's first contention is that the trial court committed reversible error in permitting the jury to view the premises because there had been some physical changes after the valuation date used in the trial and the date of viewing by the jury. With this we cannot agree. First, it should be noted that a jury view of the premises at any time during trial lies within the sound discretion of the trial court. (*Nunneley* v. *Edgar Hotel,* 36 Cal.2d 493, 501 [6] [225 P.2d 497]; *Henley* v. *Atchison, T. & S. F. Ry. Co.,* 166 Cal.App.2d 554, 562 [10] [333 P.2d 388]; *Rau* v. *Redwood City Woman's Club,* 111 Cal.App.2d 546, 554 [8] [245 P.2d 12].)

 Before taking the jury to the scene, the court instructed it carefully on the purpose of the inspection, its deportment, and that any changes in the premises after the valuation date of May 23, 1960, must not be considered by it in determining value. At the conclusion of this instruction the trial judge said and both counsel responded as follows:

(The court:) ''Gentlemen, is there anything further that you feel should be called to their attention, in connection with this admonition. Is the admonition as given satisfactory to you under the circumstances?''

MR. McCARTHY: ''It is satisfactory.''

MR. ROBERTS: ''It is satisfactory, Your Honor.''

The lengthy testimony, photographs and other evidence clearly delineated the condition of the premises on May 23, 1960, and we are unable to perceive how the jury could have reasonably suffered any misapprehension as to the facts or law. We find no error here.

### TESTIMONY OF NURSERYMAN

 Plaintiff next complains that the trial court committed error in permitting a nurseryman named Boswell to testify as to the fair market value of shrubs, trees and flowers growing on the land taken and the cost of relocation of shrubs, trees and flowers necessitated by the moving of houses and buildings on the land not taken. It does not challenge the qualifications of the witness. Section 1248, Code of Civil Procedure provides, respecting the matters with which we are here concerned, as follows:

''The court, jury, or referee must hear such legal testimony as may be offered by any of the parties to the proceedings, and thereupon must ascertain and assess:

''1. *Value.* The value of the property sought to be condemned, and all improvements thereon pertaining to the realty, and of each and every separate estate or interest therein; if it consists of different parcels, the value of each parcel and each estate or interest therein shall be separately assessed;

''2. *Severance damages.* If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned, and the construction of the improvement in the manner proposed by the plaintiff.''

Regarding Boswell's testimony, plaintiff made an original objection. After a conference it was stipulated that the testi-

mony be received subject to the same being connected and related to the issues and without prejudice to a motion to strike; that the testimony *regarding trees and shrubs be considered only in determining value of the parcel taken and severance damage to the remainder.* This stipulation was entered into in the presence and hearing of the jury. No other reservation was made in the stipulation.

Plaintiff's own expert, in testifying as to the values of the portion taken and severance damage to the portion not taken, stated in effect that he took into consideration the cost of relocating buildings and shrubs and consulted with house movers, nurserymen and landscape gardeners as a basis for his opinion. There being no other reservations in the stipulation to receive and apply the testimony of Boswell, it is clear that Boswell's testimony was relevant to the reasons assigned in the testimony of plaintiff's expert for his opinion of value.

By stipulation signed by both counsel the jury was instructed that it might consider the cost of moving and relocating structures and improvements in determining severance damage. There can be no serious question that shrubs, trees and flowers are properly within the classification of improvements. Under the stipulation, the cost of relocating was an item for consideration in fixing difference in fair market value. The cause was evidently tried by both parties partly on the "cost to cure" theory of severance damage value as described by plaintiff's own expert, i.e., that as to the property not taken, the cost of necessarily relocating improvements on the land not taken so as to place the owner as nearly as possible in the position he was before the front of his property was taken, might be considered on the question of the difference in fair market value before and after the taking. This was the essence of the stipulation last above referred to signed by counsel for both parties. Considering this stipulation we find it difficult to understand plaintiff's complaint relating to cost of moving and relocating shrubs. The testimony, the questions and comments of counsel, the rulings and instructions of the court and the occasional question of a juror, all present a picture of court, counsel, witnesses and jurors being alert, intelligent and attentive to every detail of the evidence and its proper position in the total circumstances. Nothing in the record indicates that anyone involved in the trial did not clearly understand that the measure of severance damage was the difference in fair market value in the parcel not taken, by reason of the severance of

the parcel taken and the construction of the improvement in the manner proposed, before and after taking.

An analysis of the testimony given by the experts shows that every expert on both sides gave consideration to the value or cost of relocating shrubbery caused by the moving of the houses back from the property line. Differences in the opinions of the experts as to values in this respect merely constituted conflicts. In no case did the opinion of any expert allocate to the cost of moving any greater dignity than one of the several reasons or evidence used to corroborate the sum total of the final opinion on fair market value. In each case the jury's verdict was substantially less than the opinion of difference in fair market value given by defendants' expert and greater than that given by plaintiff's experts.

A comparison of the figures on one parcel is exemplary of all the others. Testimony of defendants' witness Aubrey gave parcel 7 a total value of $20,364 at the date of taking, $1,606 value of the part taken, and $9,220 severance damage. Plaintiff's witness Jeter gave for the same parcel a total value of $13,700 at taking, $900 value for the part taken and $4,700 severance damage. The jury award gave $1,214.40 for the part taken and $8,195 severance damage. The resolving of the conflict was the jury's prerogative in the first instance and of the trial court on motion for a new trial. On appeal this court will not reweigh the evidence. (*Brewer* v. *Simpson*, 53 Cal.2d 567, 583 [1-2] [349 P.2d 289]; *Los Angeles County F.C. Dist.* v. *Abbot*, 24 Cal.App.2d 728, 737 [5] [76 P.2d 188].)

A comparison of the figures on the property actually taken produces a similar result. Nothing in the evidence indicates the slightest belief or thought by counsel, court or jury that the figures given by Boswell were independent items of damage. On the contrary, a reading of the entire record clearly shows that they were corroborative of the fair market value of the portion taken as testified to by the appraisers testifying for defendant.

All courts recognize that the reasons given by an expert may be of utmost importance in weighing the value of the opinion given. All of the varying circumstances and elements which a reasonable person would consider in arriving at the final test of difference in fair market value, including items which fairly afford a test of the accuracy of the reasons given by the expert appraisers in arriving at their ultimate conclusions of value, are properly subject of evidentiary proof.

Only in this way can the trial court intelligently test the value or weight of the experts' opinion on the ultimate difference in fair market value. (*Pacific Gas etc. Co.* v. *W. H. Hunt Estate Co.,* 49 Cal.2d 565, 573, 574 [11, 12, 14, 15] [319 P.2d 1044]; *People* v. *Symons,* 54 Cal.2d 855, 859 [3] [357 P.2d 451]; *City of Beverly Hills* v. *Anger,* 127 Cal.App. 223, 228 [8] [15 P.2d 867]; *Federal Oil Co.* v. *City of Culver City,* 179 Cal.App.2d 93, 97 [3] [3 Cal.Rptr. 519]; *Los Angeles County F.C. Dist.* v. *Abbot, supra,* p. 737 [6]; *Southern California Fisherman's Assn.* v. *United States,* 174 F.2d 739, 740 [1]; *United States* v. *Klamath & Moadoc Tribes,* 304 U.S. 119, 122, 123 [1-2] [58 S.Ct. 799, 82 L.Ed. 1219]; *City of Los Angeles* v. *Klinker,* 219 Cal. 198, 210 [7] [25 P.2d 826, 90 A.L.R. 148].)

We have read the entire record. It shows no misapprehension of the proper place to be allotted to different types of evidentiary material, that the sum total of the evidence amply supports the verdict of the jury and the discretion of the trial judge in denying a new trial, and that no prejudicial error occurred.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.