[L.A. No. 28980.   In Bank.   Oct. 30, 1967.]

ARTHUR E. HEMMERLING et al., Cross-complainants and Appellants, v. TOMLEV, INC. et al., Cross-defendants and Respondents.

574

Richards, Watson & Hemmerling, Clifford A. Hemmerling and Ronald M. Greenberg for Cross-complainants and Appellants.

Baird, Holley, Baird & Galen, James Michael Welch and Leonard B. Hankins for Cross-defendants and Respondents.

Harry S. Fenton, R. B. Pegram, Richard L. Franck, Charles E. Spencer, Jr., and Robert W. Vidor as Amici Curiae.

TRAYNOR, C. J.—This action involves the condemnation of approximately 1,000 square feet of land (parcel 4) located east of Anaheim in Orange County. The parcel was owned in undivided interests by defendants Arthur E. Hemmerling and Hulda M. Hemmerling, a group of corporations, and Holly Wade Davidson. The Hemmerlings appeal from the judgment apportioning the condemnation award.

Parcel 4 was owned in common by defendants subject to an agreement executed by them or their predecessors in interest on February 5, 1926. All of the parties to the agreement individually owned other land in the vicinity of parcel 4. The 1926 agreement provided for the formation of a voluntary, nonprofit association whose members would be the owners of parcel 4. The association's purpose was to construct and operate a water well and pumping plant on parcel 4 and an irrigation pipeline system from the well to the lands of the members. The agreement set forth the interests of the parties in parcel 4 and provided that each party should share in the costs of installation and maintenance of the well and plant in the proportion of his acreage to the total acreage of all the members. A 1939 amendment provided that the interests of the parties in the water system were appurtenant to their respective separately owned lands. Any party could elect not to take his share of water, and during any period he so elected, he would not be obligated to pay any of the costs of operating the system.

Before the condemnation action was commenced, both the corporations and Davidson elected not to take water from the system until further notice. At the time of the trial their lands were being used for industrial purposes, and no likelihood appears that they will again be used for purposes requiring irrigation. The Hemmerlings, however, continued to take

water from the system until the time of trial and were the only owners using water on the date of the filing of the complaint.

In condemning parcel 4 for freeway purposes plaintiff elected to proceed under section 1246.1 of the Code of Civil Procedure, which provides that the total amount of the award for the property is to be first determined as between the plaintiff and all defendants and then apportioned among the defendants in further proceedings.

The parties stipulated ''that the total compensation to be paid for the taking of parcel 4 and all interests therein, is the sum of $9,450'' and waived findings on this issue. After the trial on the issue of apportionment the court found that the Hemmerlings, the corporations, and Davidson were entitled to share in the award in the proportion that the separate acreage of each bore to the total of their combined separate acreage.

The Hemmerlings contend that the trial court erred in failing to value the water easement of each party separately from his respective fee interests in parcel 4 (see Code Civ. Proc., § 1248) and in failing to make a finding on the issue of severance damages. They also assert that the trial court erred in disregarding their valuation evidence since it was uncontradicted and unimpeached.

The water right of each party to the 1926 agreement was an easement appurtenant to his own land separate from his interest in common with the other parties in the fee of parcel 4. The fact that each party owned a fee interest in both his separate dominant estate and in the servient estate did not extinguish the easements by merger, for the ownership interests in the two estates were not coextensive. (*Cheda* v. *Bodkin* (1916) 173 Cal. 7, 17 [158 P. 1025] ; see *Porto* v. *Vosti* (1955) 136 Cal.App.2d 395, 397 [288 P.2d 618].)

Since the condemnation of parcel 4 extinguished the easements, defendants were entitled to compensation for them. When, as in this case, the easements are appurtenant and can be used only to provide water for irrigation of the dominant estates, the value of each easement is the diminution in the market value of the dominant tenement caused by its loss. (*People* ex rel. *Dept. of Public Works* v. *Logan* (1961) 198 Cal.App.2d 581, 586 [17 Cal.Rptr. 674], and cases cited; see Jahr, Eminent Domain (1957) § 160 ; 4 Nichols, Easement (3d ed. 1962) § 12.41 ; 1 Orgel, Valuation Under the Law of Eminent Domain (2d ed. 1953) § 111, at p. 476, fn. 36; cf.

*United States* v. *4.105 Acres of Land in Pleasanton,* (N.D. Cal. 1946) 68 F.Supp. 279, 292.)

Section 1248, subdivision 1, of the Code of Civil Procedure provides that the court must assess the ''value of the property sought to be condemned, . . . and of each and every separate estate therein; . . .'' Accordingly, the trial court should have assessed the values of the easements separately from the values of the respective fee interests in parcel 4. It does not appear from the findings of fact and conclusions of law that the trial court did so. ▉ Moreover, we may not infer a finding adverse to the Hemmerlings on the value of their easement, for they ''made a written request for a specific finding'' on that issue. (Code Civ. Proc., § 634; *Culbertson* v. *Cizek* (1964) 225 Cal.App.2d 451, 465 [37 Cal.Rptr. 548]; *Mock* v. *Shulman* (1964) 226 Cal.App.2d 263, 268 [38 Cal. Rptr. 39].) They requested that the court appraise the fair market value of their appurtenant right to use water at $9,000. This request was not one for a finding of an evidentiary fact (see *South Santa Clara Water etc. Dist.* v. *Johnson* (1964) 231 Cal.App.2d 388, 404-405 [41 Cal.Rptr. 846]), but for a finding of an ultimate fact on a crucial issue. ▉ Under section 634 the trial court was not at liberty to disregard the request to make a finding on that issue because it disagreed with the Hemmerlings as to what that finding should be.

The failure of the trial court to make any finding on the value of the Hemmerlings' water right is reversible error, for they introduced substantial evidence to support a finding in their favor. (*Parker* v. *Shell Oil Co.* (1946) 29 Cal.2d 503, 512 [175 P.2d 838]; *San Jose etc. Title Ins. Co.* v. *Elliott* (1952) 108 Cal.App.2d 793, 801 [240 P.2d 41].) ▉ Arthur Hemmerling testified that the value of the pumping plant and well site was $450, that the value of his water right was $9,000, and that it would be substantially more expensive for him to procure water elsewhere. Although his testimony was not expressed in the form of an opinion that his separate property had diminished in value by the sum of $9,000, there is no indication that he used any other method to reach this figure. His testimony as to the increased cost of water was relevant to that issue since it is one of the ''elements which a reasonable person would consider in arriving at the final test of difference in fair market value. . . .'' (*City of Riverside* v. *Kraft* (1962) 203 Cal.App.2d 300, 304 [21 Cal.Rptr. 425]; *County of Santa Clara* v. *Curtner* (1966) 245 Cal.App.2d 730, 744 [54 Cal. Rptr. 257].)

We cannot agree, however, with the Hemmerlings' contention that the trial court was bound to accept their uncontradicted valuation testimony. ■ Although the owner of property is competent to testify to its value (*City of Gilroy* v. *Filice* (1963) 221 Cal.App.2d 259, 268 [34 Cal.Rptr. 368]), "The trial court is not bound by the opinions of the witnesses on market value . . . . [T]he province of such testimony is only to aid the court in arriving at a conclusion." (*Joint Highway Dist. No. 9* v. *Ocean Shore R.R. Co.* (1933) 128 Cal.App. 743, 762 [18 P.2d 413].)

The Hemmerlings contend that the rejection of their evidence would necessitate the inherently improbable conclusions that the water easements were worth nothing and therefore that plaintiff was willing to pay $9,450 for 1,000 square feet of land or approximately $400,000 an acre. It would not follow, however, from a rejection of the Hemmerlings' evidence that the water easements were valueless. The trial court may have been of the view that all of the parties lost valuable water rights. The fact that the other condemnees were not using the irrigation system at the time of the condemnation does not establish that they were not damaged by the loss, for it may nevertheless have diminished the market value of their lands.

■ For the purposes of retrial we point out that none of the parties is entitled to severance damages. In addition to other requirements, such damages can only be allowed when there is unity of use between the parcel condemned and the parcel retained. There was no such connection of use between the fee interests in parcel 4 and the dominant tenements " 'as to make the enjoyment of the parcel taken reasonably and substantially necessary to the enjoyment of the parcels left, . . .' " (*City of Stockton* v. *Marengo* (1934) 137 Cal. App. 760, 766 [31 P.2d 467]; *City of Menlo Park* v. *Artino* (1957) 151 Cal.App.2d 261, 270 [311 P.2d 135].) The parties' fee interests in parcel 4 contributed nothing to the enjoyment of the remaining parcels. Although their water rights had their source in parcel 4, those water rights were separately owned easements, and the parties will be fully compensated by payment of the value of parcel 4 and those easements.

The judgment is reversed.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.